HYMAN B. ROSENTHAL *vs.* WILLIAM NOVE & another.

Worcester.   October 3, 1899. — March 21, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Action — Suggestion of Bankruptcy — Stay of Proceedings — Special Judgment — Bond — Sureties.*

After a verdict and before judgment the defendants in an action were adjudicated bankrupts under U. S. St. of July 1, 1898, and thereafter they filed a suggestion of that fact and moved that all proceedings be stayed. This motion was denied and a special judgment entered to enable the plaintiff to proceed against the sureties upon a bond, given more than four months before the bankruptcy, to dissolve an attachment. *Held,* that the court had power to overrule the motion for a stay, and to direct the entry of a special judgment.

TORT, for personal injuries.   Writ dated July 7, 1898.   Trial in the Superior Court, before *Hopkins,* J., who overruled a motion for stay of proceedings and directed that a special judgment be entered ; and the defendants alleged exceptions.   The facts appear in the opinion.

*W. S. B. Hopkins & R. Hoar,* for the defendants.

*J. R. Thayer & A. P. Rugg,* for the plaintiff.

BARKER, J.   After verdict and before judgment, the defendants were adjudicated bankrupts, and thereafter they filed a suggestion of that fact and moved that all proceedings be stayed. This motion was denied and a special judgment entered to enable the plaintiff to proceed against the sureties upon a bond, given more than four months before the bankruptcy, to dissolve an attachment.   The exceptions raise the question whether the court had power to overrule the motion for a stay, and to direct the entry of a special judgment.   The answer depends upon the provisions of the United States Bankruptcy Act of July 1, 1898.

Section 11 of that act is as follows :

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition ; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication,

or, if within that time such person applies for a discharge, then until the question of such discharge is determined.

" The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt.

" A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him.

" Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

Under the definitions contained in the statute this language includes persons who have filed voluntary petitions, and applies to all claims provable in bankruptcy from which a discharge in bankruptcy would be a release, and the court which may order the trustee of the bankrupt estate to enter his appearance in and to defend any suit pending against the bankrupt is the court of the United States having jurisdiction of the bankruptcy.  U. S. St. of July 1, 1898, § 1.

The construction of the provisions quoted for which the defendants contend is that they are peremptory, and compel the court in which a suit is pending against a bankrupt at the time of the adjudication to stay further proceedings for twelve months, or until the question of discharge is determined.  A strong argument against this construction is found in the use of the words " shall be stayed until after an adjudication" and the words " such action may be further stayed" which follow.  The provision that a suit pending against the bankrupt at the time of the filing of the petition shall be stayed until after adjudication or dismissal is in terms peremptory.  If in case of an adjudication Congress had intended that a further stay should be peremptory also, the continued use of the word " shall" would have made its meaning clear, and the use of the word " may," ordinarily used as a word of permission rather than of command, is significant.

As against the argument drawn from this use of the word " may," it is to be noticed that the second clause of the section, " The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt," implies that all

suits pending against the bankrupt may be defended by the
trustee of his estate, if he shall be ordered to enter his appear-
ance and defend by the United States court, and that, unless all
suits must be further stayed after the adjudication, they may be
determined against the bankrupt after the adjudication, and be-
fore there is a trustee who can appear and defend.  But the fact
that a trustee may be ordered to appear and defend assumes that
the prosecution of the suit may go on after the adjudication and
before the question of a discharge is settled.  It is contended, that
unless after adjudication a further stay is imperative, the cred-
itor may merge his claim into a judgment, which, being entered
after the adjudication, is not provable in the bankruptcy, and
from which the bankrupt will not be released by a discharge.
But by § 63, claims are provable which are founded on prov-
able debts reduced to judgments after the filing of the petition
and before the consideration of the bankrupt's application for a
discharge.

In order to release property which has been attached, or to
prosecute an appeal or procure a review of questions at first
decided against a defendant, he must often secure the plaintiff's
demand by the individual undertaking of some third person.
One provision of the law in question covers such cases, provid-
ing that " Whenever a creditor whose claim against a bankrupt
estate is secured by the individual undertaking of any person,
fails to prove such claim, such person may do so in the creditor's
name, and if he discharge such undertaking in whole or in part,
he shall be subrogated to that extent to the rights of the cred-
itor."    U. S. St. of July 1, 1898, § 57.

The natural meaning of the concluding part of the clause is
that the person by whose individual undertaking the creditor's
claim is secured shall have a right in the dividend on account of
that claim proportionate to the part of his own undertaking which
he has discharged.  If this clause is to have operation in every
instance in which a creditor's claim is secured by the individual
undertaking of a third person, the creditor must not have power,
between the time of the commencement of the bankruptcy pro-
ceedings and the time when claims may be proved, to so deal
with a claim that it cannot be proved, and thereby to deprive
the surety of his right.  It is urged that unless the further stay

of proceedings is peremptory after the adjudication as well as before, the creditor, by merging his provable claim into a general judgment entered after the adjudication, may prevent the surety from exercising his right. If the original claim no longer exists, it is contended that the surety cannot prove it, and that the judgment cannot be proved because it accrues after the bankruptcy proceedings are commenced. But the provision already referred to allowing proof of judgments entered after the adjudication upon provable debts deprives these contentions of weight.

An argument may perhaps be drawn from the provisions of the act relating to liens. It is provided " that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien, shall be preserved for the benefit of the estate ; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid." U. S. St. of July 1, 1898, § 67.

In the case of a collusive suit against the bankrupt, in which there is an attachment of his land subsequently conveyed in fraud of his creditors, the suit pending at the time of the filing of the petition, if there is no peremptory stay of the suit after the adjudication, the colluding plaintiff may defeat the attachment by entering a discontinuance in his suit, and thus prevent the preservation of the attachment for the benefit of the estate. But the trustee of the bankrupt can avail himself of the collusive attachment only by a further prosecution of the suit in which it was made.

The considerations noticed do not seem to us to require the adoption of the construction for which the defendants contend. Congress was legislating upon a subject as to which its power is unquestionable. Successive bankruptcy acts had been in turn enacted and repealed. Numerous State insolvency laws had

been in force in the intervals when no bankruptcy act had been in force. Under the last previous bankruptcy act, no suit or proceeding upon a provable debt could be prosecuted against the bankrupt until the question of his discharge should have been determined, and any such suit or proceeding must, upon his application, be stayed to await the determination of the bankruptcy court on the question of the discharge, unless there was unreasonable delay on his part. U. S. St. of March 2, 1867, § 21. U. S. Rev. Sts. § 5106. *Ray* v. *Wight,* 119 Mass. 426. *Hill* v. *Harding,* 107 U. S. 631. This requirement of a stay, if asked for by the debtor, might well operate to inflict upon creditors such serious delay in enforcing their rights against other persons than the bankrupt as is shown in the case last cited, where for several years the creditor could not place himself in a position to resort to his admitted security. See *Hill* v. *Harding,* 130 U. S. 699.

Congress chose the language of the present statute in view of that of the former bankruptcy act, and of the decisions under it, and of its practical operation. If the power of the bankrupt to force a stay for twelve months, or until the question of his discharge should be settled, of all suits pending against him at the initiation of the bankruptcy proceedings, was a feature which Congress wished to place in the new act, it need choose no ambiguous language. If it wished to make a different provision, and thought it more reasonable to provide for a peremptory stay, without any request therefor, in all cases until the question of an adjudication or the dismissal of the petition was determined, and to leave the question of any further stay to the determination of the court in which the action was pending, no more apt words could have been used than those which Congress has adopted. We see no good reason to give them in the enactment now in question any other than their usual meaning, and we hold that the court in which a suit against a bankrupt is pending is not, after the adjudication of bankruptcy, bound to stay proceedings further therein, while it may do so if, and to such an extent as, justice may require. The action is not absolutely barred, and the court has power to proceed to judgment. *Holland* v. *Martin,* 123 Mass. 278.

The defendant's bill of exceptions may perhaps be said to be

intended to raise only the question which we have decided. But the court below had power to grant a further stay of proceedings, and the defendants argue upon their brief, that justice required such a further stay for two reasons, first, because the cause of action not having been put into a judgment when the bankruptcy proceedings were begun, it must be, if proved at all, assessed and ascertained in bankruptcy, in the usual method of proof, unless under the order of the bankruptcy court, it should be liquidated in some other manner, or unless it should be wholly defeated in a defence of the suit undertaken by the trustee by order of the same court. The second reason urged is that the course pursued will prevent the surety upon the bond to dissolve the attachment from proving the claim in bankruptcy and being thereupon subrogated to the right of the plaintiff to a dividend out of the bankrupt estate.

Assuming, without so deciding, that the question whether justice required the court below to grant a further stay after the adjudication is open, we are of opinion that no injustice was done by entering the special judgment upon the verdict.

It is to be noted that the questions whether the plaintiff had a good cause of action, and the amount of his damages recoverable of the defendants because of that cause of action had been settled in favor of the plaintiff and against the defendants, and their sureties upon the bond to dissolve the attachment, by the verdict of a jury, in a trial in which no exceptions had been saved, and that a new trial, application for which had been made by motion to the court, had been denied. All this had been done before the commencement of the bankruptcy proceedings. The right of the plaintiff to recover of the defendants, a definite amount of damages and his legal costs had thus been fixed by a legal jury, and could not be otherwise re-examined in any court of the United States than according to the rules of the common law. U. S. Const. Amendm. art. 7. Therefore, the fact of the defendants' liability and its amount, could not be re-examined in the bankruptcy court. That would not be a re-examination according to the rules of the common law. Nor could those facts be re-examined, as of course, in the court in which the action was pending, if the trustee came in, under an order of the bankruptcy court. In the circumstances of the case, no

appeal lay from the court in which the suit was pending to any other court, and all common law methods of examining the questions of the defendants' liability and its amount had been already exhausted or waived, unless it may have been a motion on account of newly discovered evidence or a writ of error, or of review.

No harm is shown to have been done to the bankrupts 'or to their sureties or to their creditors by way of forestalling an assessment of the bankrupts' liability to the plaintiff at a less amount than that already fixed by the verdict. It is not suggested that there was ground for asking a new trial on account of newly discovered evidence, or for a writ of error or review.

Nor could the entry of a special judgment to enable the plaintiff to proceed against the sureties to the bond to dissolve the attachment give the plaintiff power to proceed against the person or the property of the bankrupts in case they procured a discharge in bankruptcy. The provisions authorizing a special judgment are found in Pub. Sts. c. 171, §§ 23, 24, and in St. 1885, c. 59, as amended by St. 1892, c. 209: Such a special judgment is to be enforced in the first instance only against the sureties on the bond, and even if that remedy is insufficient no enforcement of the judgment can be had against the person or the property of the bankrupt unless he is refused or unreasonably delays to prosecute his application for a discharge in bankruptcy. Nor, in our opinion, would the entry of such a special judgment affect the right of the surety upon the bond to dissolve the attachment, to prove the claim in bankruptcy in the name of the plaintiff, and to be subrogated to the plaintiff's right to a dividend. Those rights are given to the surety in these words : —

" Whenever a creditor whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part, he shall be subrogated to that extent to the rights of the creditor." U. S. St. of July 1, 1898, § 57.

The surety's rights under this clause are fixed as of the time of the commencement of the bankruptcy proceedings. All that is required to enable him to prove a claim then secured by his

individual undertaking is that the creditor shall fail to prove the claim. If the entry of the special judgment works any merger of the original cause of action as between the plaintiff and the bankrupt, such a merger could not justly prejudice or annul the right of the surety under the language quoted, to prove the claim as it existed at the commencement of the bankruptcy proceedings, when his own rights were fixed. The general purpose of bankruptcy proceedings is to make a ratable and just division of the debtor's estate among those entitled at the commencement of the proceedings to share in its distribution.

The surety who had paid has a just right to share, if for any reason the creditor whose claim he has secured does not share in respect to the debt, and the special judgment cannot have any effect to make the surety's right to a dividend unjust either to the bankrupt or to the other creditors.

In the view which we have taken we find it unnecessary to consider whether the plaintiff's cause of action was a provable claim under the bankruptcy law, or whether if provable it would be affected by the defendant's discharge in bankruptcy. See U. S. St. of July 1, 1898, §§ 17, 63.

The construction which we give to the statute is entirely consistent with the spirit of the bankruptcy law as shown in the provision that " the liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." U. S. St. of July 1, 1898, § 16. In our opinion it was not the intention of Congress unnecessarily to interfere in any way with the remedies of the creditor against other persons responsible to him than the bankrupt himself.

*Exceptions overruled.*