RICHARD F. BARRY *vs.* NEW YORK HOLDING AND CONSTRUCTION COMPANY & trustees.

Suffolk.     November 16, 1917. — January 24, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Bankruptcy. Judgment,* For purpose of proof in bankruptcy proceedings.

In an action of contract, where the plaintiff would be entitled to a judgment but for the discharge in bankruptcy of the defendant pleaded as a defence to the action, the plaintiff upon motion is entitled to an order to have judgment entered for him in the sum ascertained, such judgment not to be enforced against the bankrupt personally or to be operative beyond such value as the

bankruptcy act attributes to it as evidence of the amount due as a provable claim in bankruptcy, and that execution on said judgment be stayed perpetually.

CONTRACT, begun by trustee process, for alleged breach of an agreement to employ the plaintiff. Writ dated November 22, 1913.

The proceedings at a previous stage of this case are reported in 226 Mass. 14. After the rescript accompanying the opinion there reported, the defendant obtained its discharge in bankruptcy, filed a certified copy of it and pleaded it in bar of the action. The plaintiff then moved for a general judgment against the defendant by the following motion in writing:

"Now comes the plaintiff in the above entitled cause, after rescript from the Supreme Judicial Court, and says that on January 3, 1916, the defendant's suggestion of bankruptcy and motion to continue were filed, and that the case has since that time stood continued; that since said date the said cause has been passed upon by the Supreme Judicial Court and rescript sent down; that the plaintiff is now entitled to a judgment in his favor for the amount of the finding made by this court, to wit, for the sum of $2,195.19 and interest and costs.

"Wherefore the plaintiff moves that the continuance of record in said cause be removed and that judgment in his favor upon the finding of the court, with interest and costs, may be entered."

In the Superior Court the motion was heard by *Jenney,* J. At the hearing it was admitted that the defendant had obtained its discharge in bankruptcy as pleaded, and that the plaintiff did not seek by his motion to have a special judgment entered under any of the provisions of R. L. c. 177, but desired a general judgment with perpetual stay of execution. The bankruptcy proceedings in New York were still pending, and the plaintiff's claim, which was the subject of this litigation, had not been proved. The defendant and the trustee in bankruptcy thereupon asked the judge to give the following rulings:

"1. Proof of bankruptcy having been filed with motion to continue and the defendant being duly discharged, and said discharge being duly pleaded and proved by attested copies thereof, the motion of the plaintiff cannot be granted as matter of law.

"2. The discharge in bankruptcy of the defendant having

been pleaded, the continuance of record in the case cannot now be removed for the purpose of entering up a judgment as prayed for.

"3. If the defendant obtained a discharge in bankruptcy, as has been properly set forth in this case, that discharge is a defence to this action, and general judgment cannot be entered up against the defendant as matter of law."

The judge refused to make any of these rulings "so far as material in view of the order this day entered," which order was as follows:

"This case came on to be heard on the plaintiff's motion entitled motion to strike off continuance and for entry of judgment, filed April 3, 1917, and after hearing and upon consideration thereof, it is ordered that judgment be entered for $2,090 with interest from the date of the filing of the auditor's report and for costs, and that execution on said judgment be perpetually stayed."

The defendant and the trustee in bankruptcy alleged exceptions.

*G. L. Mayberry,* (*J. T. Connolly* with him,) for the defendant and the trustee in bankruptcy.

*F. N. Nay,* (*F. A. Crafts* with him,) for the plaintiff.

PIERCE, J. After rescript, in *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14, the defendant therein obtained its discharge in bankruptcy and pleaded it as a defence to the action. The plaintiff then moved for a general judgment against the defendant, not seeking a special judgment under R. L. c. 177. The motion was allowed and it was ordered "that judgment be entered . . . and that execution on said judgment be perpetually stayed." The sole question presented by the exceptions of the defendant and its trustee in bankruptcy is, whether the court properly could order such a judgment to be entered, as a matter of law.

Before St. 1875, c. 68, St. 1880, c. 246, § 8, Pub. Sts. c. 171, §§ 23, 24, and R. L. c. 177, § 25, the court constantly refused to enter a special judgment for the purpose of charging sureties upon bonds given to dissolve attachments. *Train* v. *Marshall Paper Co.* 180 Mass. 513, 516. These cases were decided not on the ground that the court had not inherent and statutory authority to order qualified judgments and to vary the forms of executions "when necessary to adapt them to changes in the law, or for other sufficient reasons," Rev. Sts. c. 97, §§ 10, 11, R. L.

c. 177, § 22, *Cooke* v. *Gibbs*, 3 Mass. 193, *Davenport* v. *Tilton*, 10 Met.
320, 330, but upon the fact that the condition of the several bonds
which the sureties executed was to pay the plaintiffs the amount,
if any, which they should recover against the defendant by final
judgment, the nonpayment of which placed the defendant in de-
fault; and upon the law that the discharge in bankruptcy or in-
solvency prevents the recovery of a judgment which shall estab-
lish the personal liability of the principal defendant, and brings
to an end the contingency upon which the obligation of the bond
is made to depend. *Loring* v. *Eager*, 3 Cush. 188. *Carpenter* v.
*Turrell*, 100 Mass. 450. *Hamilton* v. *Bryant*, 114 Mass. 543.
*Braley* v. *Boomer*, 116 Mass. 527, 529. The basic reason which
required the courts to refuse a qualified judgment to charge sure-
ties on bonds to dissolve attachments before the statute applies
with like force to bonds not within the statute but with similar
conditions.

It is nevertheless the contention of the plaintiff that he should
be permitted to have a general judgment with a perpetual stay
of execution to enable him to prove his claim in the bankruptcy
court in New York city (in which the case is still pending), under
§ 57 n of the bankruptcy act; which act, after providing that
claims must be proved within one year after adjudication and
cannot be proved subsequently, reads as follows: "or if they are
liquidated by litigation and the final judgment therein is rendered
within thirty days before or after the expiration of such time,
then within sixty days after the rendition of such judgment."
This section was interpreted in *Powell* v. *Leavitt*, 80 C. C. A. 43,
150 Fed. Rep. 89, as if it read: "If the final judgment therein is
rendered within thirty days before the expiration of such time, or
at any time thereafter." See cases collected 7 C. J. 313, notes.
In the case at bar it is admitted that the claim was unliquidated
and was not "liquidated by litigation" within one year subsequent
to the adjudication. It is manifest that the plaintiff cannot prove
his claim in the bankruptcy court until final judgment shall have
been rendered in the Superior Court.

There is nothing in the bankruptcy act to prevent the render-
ing of a special judgment in the State court, *In re Mercedes Im-
port Co.* 166 Fed. Rep. 427, 429, *Hill* v. *Harding*, 130 U. S. 699,
703, and no statute in this Commonwealth stands in the way of

such action by the court in the exercise of its discretion. After a discharge in bankruptcy or insolvency the courts of this Commonwealth in numerous instances have ordered the entry of a special judgment and issue of an execution thereon to realize upon property expressly exempted from the operation of the bankruptcy law. *Davenport* v. *Tilton,* 10 Met. 320, 330, 331. *Bates* v. *Tappan,* 99 Mass. 376. *Bosworth* v. *Pomeroy,* 112 Mass. 293. In *Barnard* v. *Cushing,* 4 Met. 230, 234, it was said "the cases of suits proceeding to a judgment, without the authority to issue execution thereon, being very limited in their character, and such as are specially authorized by statute." In *Bates* v. *Tappan,* 99 Mass. 376, 378, it was held that "a lien, which the statute itself permits," can be enforced "by any requisite proceedings therefor which do not involve a judgment *in personam.* A lien by attachment can be enforced in no other way than by the qualified judgment which was rendered."

It is plain that § 57 n of the bankruptcy act intended to permit proof of claims, after the discharge of debtors and after the expiration of a year subsequent to the adjudication, in every case where the debt was unliquidated at the time of adjudication but had become thereafter by a final judgment "liquidated by litigation." It is equally manifest, that the permission of the statute would be but a vain and empty form if by reason of the discharge before judgment a final judgment in liquidation could not be obtained. It would seem to follow as a necessity of the situation, that a final judgment establishing the amount of the debt or claim should be framed in such a limited form as not to involve a judgment *in personam,* but be adequate to enable the creditor to reap the benefit of a proof of claim under the bankruptcy act.

We think the order for judgment should be modified so as to read: It is ordered that judgment be entered for $2,090 with interest from the date of the filing of the auditor's report and for costs, said judgment not to be enforced against the defendant or to be operative beyond such value as the bankruptcy act attributes to it as evidence of the amount due as a provable claim in bankruptcy; and that execution on said judgment be perpetually stayed. St. 1913, c. 716, § 2.

*Exceptions overruled; judgment to be entered as ordered.*