GUARANTY SECURITY CORPORATION *vs.* JOHANNA OPPENHEIMER & others.

Suffolk.     October 17, 1922. — January 2, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Bond,* To dissolve attachment.   *Attachment.   Bankruptcy.   Judgment.*

The mere fact that the defendant in an action at law was adjudicated a bankrupt on the thirtieth day after entry of judgment for the plaintiff in the action does not relieve from liability the sureties upon a bond given less than three months before the judgment to dissolve an attachment in that action, where the bond is conditioned upon the payment to the plaintiff of the amount, if any, that the plaintiff might recover in the action "within thirty days after the final judgment in said action," and contains no provision limiting the absolute liability of the sureties if the judgment should not be paid as its terms required.

A bond, given to dissolve an attachment and of character above described, is not given for the property attached nor as security for its value, but it is a new obligation not liable to be discharged by the death or insolvency of the defendant.

There is nothing in the national bankruptcy act of 1898 which throws doubt upon the validity either of the judgment above described or of the right of the judgment creditor to proceed against the sureties upon the bond to dissolve the attachment and to enforce his full rights against them.

CONTRACT against the sureties upon a bond given to dissolve an attachment in an action at law. Writ dated August 19, 1921.

The condition of the bond was as follows:

"The condition of this obligation is such, that whereas said Guaranty Security Corporation has caused the goods and estate of said Benjamin Dellheim, to the value of five thousand to be attached on mesne process, in a civil action, by virtue of a special precept bearing date the twenty third day of April, A. D., 1921

and returnable to the Superior Court to be holden at Boston within and for the County of Suffolk, for civil business, in said Commonwealth, on the first Monday of June next; in which writ said Guaranty Security Corporation, a corporation organized under the law of said Commonwealth and having a usual place of business in Boston, in said County of Suffolk, is plaintiff, and said Benjamin Dellheim of Brookline, within our County of Norfolk, is defendant; —

"And Whereas said defendant wishes to dissolve the said Attachment, according to law:

"Now therefore, if the above-bounden Benjamin Dellheim, shall pay to the plaintiff in said action the amount, if any, that he may recover therein, within thirty days after the final judgment in said action; and also shall pay to the plaintiff in said action, within thirty days after the entry, if any, special judgment in said action, in accordance with Chapter 235 of the General Laws of the Commonwealth of Massachusetts, the sum, if any, for which said judgment shall be entered; then the above written obligation shall be null and void; otherwise to remain in full force and virtue."

In the Superior Court, the action was tried before *Lawton*, J. Material evidence is described in the opinion. At the close of the evidence, the judge denied a motion that a verdict be ordered for the defendant, and, it appearing that no question of fact was in issue, ordered a verdict for the plaintiff in the penal sum of the bond, $5,000; and the defendant alleged exceptions.

*N. Barnett*, for the defendants.

*F. L. Norton*, for the plaintiff.

RUGG, C.J. This is an action of contract against sureties upon a bond given on May 2, 1921, to dissolve an attachment made in an action against one Dellheim. Judgment was entered in that action in favor of the plaintiff on July 18, 1921. On the thirtieth day thereafter Dellheim in good faith filed a voluntary petition in bankruptcy, scheduled the plaintiff as a creditor, and subsequently was adjudged to be a bankrupt. The condition of the bond (so far as here material) was that Dellheim should pay to the plaintiff the amount, if any, that it might recover, within thirty days of the final judgment. There was no compliance with this condition.

The sureties are not relieved from liability on these facts. There

is no limitation in the terms of the bond upon the absolute liability of the sureties if the judgment shall not be paid as required. The possibility of bankruptcy was in the minds of the parties because there is a provision in the bond concerning special judgment under G. L. c. 235, § 25. If it had been their intention to qualify the liability of the sureties in case bankruptcy of the principal should occur within four months of its date, apt language to that effect should have been inserted in the bond.

The attachment was dissolved by giving the bond. The lien acquired by the attachment was gone when the bond was delivered. The bond was not given for the property, nor as security for its value. It was a new obligation not liable to be discharged by the death or insolvency of the debtor. *Carpenter* v. *Turrell,* 100 Mass. 450, 452. It was said in *Tapley* v. *Goodsell,* 122 Mass. 176, 182, "The bond is not affected by contingencies which might have discharged the attachment, if no bond had been given. Neither death nor bankruptcy of the principal discharges the surety from his obligation to satisfy a judgment lawfully rendered against the principal or his representatives; but such judgment, in the absence of fraud or collusion, is conclusive against the surety." This is controlling of the case at bar under our law. *Cutter* v. *Evans,* 115 Mass. 27. *Bernheimer* v. *Charak,* 170 Mass. 179. *Rosenthal* v. *Nove,* 175 Mass. 559.

There is nothing in the national bankruptcy act which relieves the sureties or affects their liability as established by the law of this Commonwealth. While an attachment made within four months theretofore is dissolved by the bankruptcy of the debtor, there is no similar provision with respect to sureties upon bonds given to dissolve an attachment. § 67 (f). Bankruptcy of the principal debtor does not affect rights acquired prior thereto by a creditor against third persons. No relief is afforded to the defendants by § 67 (f) of the bankruptcy act. It there is provided that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt . . . ." That refers only to judgments which create a lien. It has no relation to a judgment such as here is involved. *Metcalf* v. *Barker,* 187 U. S. 165, 174.

There is no provision in the national bankruptcy act which throws doubt upon the validity of the judgment obtained or of the right of the plaintiff to proceed against the sureties and enforce his full rights against them. *Hill* v. *Harding,* 130 U. S. 699. *Jaquith* v. *Rowley,* 188 U. S. 620.

The unbroken current of authority in other jurisdictions, so far as we are aware, supports this conclusion. *Rosenthal* v. *Perkins,* 123 Cal. 240. *Smith* v. *Lacey,* 86 Miss. 295. *United States Wind Engine & Pump Co.* v. *North Penn Iron Co.* [227 Penn. St. 262. *Brown & Brown Coal Co.* v. *Antezak,* 164 Mich. 110. *Eaton* v. *Ormsby,* 18 R. I. 309. *Knapp* v. *Anderson,* 71 N. Y. 466. *Mc-Combs* v. *Allen,* 82 N. Y. 114. *Texas Fidelity & Bonding Co.* v. *First State Bank of Channing,* 149 S. W. Rep. 779.

*Exceptions overruled.*