BERRY CLOTHING CO. *vs.* HYMAN SHOPNICK.

Suffolk.   January 8, 9, 1924. — June 12, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Bond,* To dissolve attachment. *Surety. Bankruptcy,* Discharge. *Practice, Civil,* Exceptions.

In a suit upon a bond given to dissolve an attachment in an action of law, it appeared that the action was brought on a December 27 and was returnable on the following January 29; that the bond was delivered to the plaintiff on December 29; that on April 14 a petition in bankruptcy was filed against the defendants in the action in which the bond was given and that they were adjudicated bankrupts on April 28; that the plaintiff filed his proof of claim in bankruptcy "without prejudice to the rights in the original action"; that the original action was placed on a special list for trial in January of the year following its entry; that the defendants therein then filed a "Suggestion of the Bankruptcy of said Defendants" and a certified copy of the adjudication; that in

the middle of that month the defendants in the original action were defaulted and judgment was rendered against them on the declaration; that by agreement of the parties a stay of execution was granted until further order of the court; that discharges in bankruptcy were granted to the defendants in May following the judgment. A condition of the bond was the payment by the principals to the plaintiff of the amount, if any, that the plaintiff might " recover therein within thirty days after the final judgment in said action." *Held,* that

(1) The words of § 11a of the national bankruptcy act did not require a peremptory stay of a pending action upon adjudication in bankruptcy of the defendant; but the State court had jurisdiction of such action and might proceed to judgment;

(2) The provisions of G. L. c. 223, § 124, were superseded by the federal bankruptcy law;

(3) The bankrupts in the original action did not call to the attention of the court by correct practice the fact that they had been adjudicated bankrupts; but they should have filed an answer, or an amendment to the answer already filed, setting up the adjudication and praying for a continuance until they could procure their discharge and plead it in bar;

(4) The case was not within the terms of G. L. c. 235, §§ 24–26, permitting special judgments in specified cases;

(5) A ruling by a judge who, without a jury, heard the action upon the bond, to the effect in substance that the filing of the suggestion and certified copy of the adjudication by the defendants in the original action was enough to call to the attention of the court their claim of the protection to be afforded by their discharge in bankruptcy if and when granted under § 17 of the act, went no farther than to show that no judgment ultimately could be entered which, so far as those defendants were concerned, would not be barred by a discharge in bankruptcy thereafter granted and properly pleaded;

(6) The judgment against the defendants in the original action, entered more than three months before the discharges in bankruptcy were granted and not qualified by further action of the court, was " the final judgment " within the meaning of those words as used in the bond;

(7) The final character of the judgment was not affected by the later stay of execution;

(8) No question arose, on the record in this action against the surety on the bond, as to the protection afforded by the discharges to the bankrupts against any present liability on their part on the judgment;

(9) It not being argued that the rights of the plaintiff were affected by the proof of the claim " without prejudice " to its rights, the effect of such proof was not considered;

(10) The original action having gone to judgment rightly, a breach of the bond was shown which entitled the plaintiff to judgment.

CONTRACT upon a bond, given to dissolve an attachment in an action by the plaintiff against Samuel Hyman, Barnet Bluestein and Louis Shopnick as defendants, those defend-

ants being principals in the bond and the defendant in this action and others being sureties. Writ in the Municipal Court of the City of Boston dated March 23, 1922.

On removal to the Superior Court, the action was heard by *Weed*, J., without a jury. Material evidence and questions of law raised by requests by the defendant for rulings are described in the opinion. The trial judge found for the plaintiff, ordered judgment for the plaintiff in the penal sum of the bond, $2,000, and ordered execution to issue in the sum of $1,941.40. The defendant alleged exceptions.

*I. H. Fox*, for the defendant.

*B. Levin*, for the plaintiff.

RUGG, C.J. This is an action of contract to recover, from a surety on a bond given to dissolve an attachment, made in an action by the plaintiff against three defendants who were principals on the bond, the amount of the judgment recovered in the original action. The relevant facts are that the plaintiff brought the original action against three defendants doing business as copartners on a writ bearing date December 27, 1920, and returnable into court on January 29, 1921. There was delivered to the plaintiff on December 29, 1920, a bond to dissolve the attachment (on which the present action is brought) made in the original action signed by the three defendants therein as principals and by the defendant in the present action and two others as sureties. The original action was on an account annexed for goods sold. On April 14, 1921, a petition in bankruptcy was filed against the defendant copartners and they were adjudicated bankrupts on April 28, 1921. The bankrupts duly filed their schedules and included the plaintiff among their creditors. The plaintiff filed its proof of claim in bankruptcy " without prejudice to " its rights in the original action. That original action was placed upon the special list for trial in January, 1922, whereupon the defendants filed a " Suggestion of the Bankruptcy of said Defendants " and a certified copy of the adjudication. On January 18, 1922, the defendants in the original action were defaulted and judgment was rendered against them in favor of the plaintiff on its declaration on January 30, 1922. Thereafter, by

agreement of parties, a stay of execution was granted until further order of the court. Discharges in bankruptcy were granted to two of the copartner defendants on May 23, 1922, and to the third on May 31, 1922. The condition of the bond to dissolve the attachment, on which the present action is brought, was that, if the principals " shall pay to the plaintiff in said action the amount, if any, that it may recover therein within thirty days after the final judgment in said action; and also shall pay to the plaintiff in said action within thirty days after the entry of any special judgment in said action, in accordance with chapter 177 of the Revised Laws of the Commonwealth of Massachusetts the sum, if any, for which said judgment shall be entered; and also if the above named sureties shall pay to the said plaintiff within thirty days after the entry of any special judgment in said action in accordance with section 25 of said chapter, the sum, if any, for which said judgment shall be entered; then the above-written obligation shall be null and void, otherwise it shall remain in full force and virtue."

The cause of action in the original action was founded upon a claim from which a discharge in bankruptcy would be a release. The bankruptcy act of July 1, 1898, c. 541, § 17a, cl. 4, 30 U. S. Sts. at Large, 550.

The original action was pending when the petition in bankruptcy was filed against the defendants therein. It was in fact stayed until after they were adjudicated to be bankrupts, but was thereafter put upon the list for trial and went to judgment within twelve months after the adjudication and before the granting of the discharges.

It is provided in the bankruptcy act: Sec. 11a " A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

The words of this section do not require a peremptory stay of a pending action after adjudication in bankruptcy. The State court has jurisdiction of such action and may proceed to judgment. As pointed out in *Boynton* v. *Ball,* 121 U. S. 457, 467, substantial reasons may make it desirable to proceed to trial and to judgment in such a case. It was decided in *Rosenthal* v. *Nove,* 175 Mass. 559, with reference to § 11a, that the court in which is pending a suit against a bankrupt is not after the adjudication bound to stay proceedings further therein until the termination of the bankruptcy proceeding, although it may do so and to such extent as justice may require. The action is not barred and the court has power to proceed to judgment. There are numerous decisions to the same effect. *Feigenspan* v. *McDonnell,* 201 Mass. 341, 346. *Rogers* v. *Abbot,* 206 Mass. 270, 274. *Parker* v. *Murphy,* 215 Mass. 72, 74. *Smith* v. *Miller,* 226 Mass. 187, 188.

That this must be the law is plain from § 63a, cl. 5, of the bankruptcy act, to the effect that among the debts provable against the estate of a bankrupt are those "founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, . . ."

The provisions of G. L. c. 223, § 124, requiring peremptory stay, are confined in terms to proceedings in insolvency under the laws of this Commonwealth. Those laws are superseded by the federal bankruptcy law. *Commonwealth* v. *Nickerson,* 236 Mass. 281, 292. *Parmenter Manuf. Co.* v. *Hamilton,* 172 Mass. 178. They are not pertinent to proceedings in bankruptcy or to the effect of bankruptcy on bonds given to dissolve attachments.

The bankrupts in the original action did not by correct practice call to the attention of the court the fact that they had been adjudicated bankrupts. They ought to have filed an answer or amendment to the answer already filed setting up the adjudication and praying for continuance until they could procure their discharge and plead it in bar. They did nothing of that kind. Under our practice it " is settled that a suggestion of insolvency or bankruptcy is not enough."

*Gray* v. *Chase*, 184 Mass. 444, 451. *Dunbar* v. *Baker*, 104 Mass. 211. *Holland* v. *Martin*, 123 Mass. 278. *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15, 22. It is clear under these decisions that the original case properly went to judgment on January 30, 1922. The fact that the rulings of the trial judge were too favorable to the defendant on this point does not require the sustaining of exceptions to other requests for rulings which the whole record shows ought not to have been granted.

If the rulings of the trial judge, to the effect in substance that the filing of the suggestion and certified copy of the adjudication by the defendants was enough to call to the attention of the court their claim of the protection to be afforded by their discharge in bankruptcy if and when granted under § 17 of the act, be assumed to be the law of the case, *Commonwealth* v. *Coughlin*, 182 Mass. 558, 563, no error is shown. The original action rightly proceeded to judgment after the adjudication and before the discharge. The case is not within the terms of our statutes permitting special judgments in specified cases. G. L. c. 235, §§ 24, 25, 26. These rulings of the trial judge rightly go no further than to show that no judgment ultimately could be entered which would not be barred by a discharge in bankruptcy thereafter granted and properly pleaded. The defendants were defaulted in the original action and that case went to judgment more than three months before the discharges in bankruptcy were granted. That judgment, unless and until qualified by some further action of the court, was " the final judgment " within the meaning of those words in the bond to dissolve an attachment. It was a judgment sufficient to form a sound basis for an action against the sureties on the bond. Cases like *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14, and *S. C.* 229 Mass. 308, and authorities there collected, have no pertinency to the facts here disclosed.

The final character of the judgment is not affected by the later stay of execution granted by the court until its further order on agreement of parties. For aught that appears, that may have been after the breach of the bond.

No question arises on this record as to the protection of the

discharges granted to the bankrupts against any present liability on their part on that judgment. The case at bar is quite distinguishable from *Herschman* v. *Justices of the Municipal Court,* 220 Mass. 137.

Even if it be assumed that the point is open, it has not been argued that the plaintiff's rights are affected by its filing a proof of claim " without prejudice " to its rights. Therefore that question need not be considered.

Since the original case went to judgment rightly, it follows that there has been a breach of the bond. This is settled by *Guaranty Security Corp* v. *Oppenheimer,* 243 Mass. 324, and cases there collected. See also *King* v. *Block Amusement Co.* 126 App. Div. (N. Y.) 48; affirmed 193 N. Y. 608.

*Exceptions overruled.*