H. F. LIVERMORE CO. *vs.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.

Suffolk. January 25, 1927. — May 19, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Bond*, To dissolve attachment. *Judgment. Bankruptcy.*

In an action against a surety upon a bond given on March 1, 1924, in the usual form to dissolve an attachment of real estate made in an action on March 18, 1922, it appeared that the defendant in the original action was defaulted on May 18, 1922, and that the action was continued for judgment on the plaintiff's motion; that an involuntary petition in bankruptcy was filed against that defendant on June 8, 1922, and he was adjudged a bankrupt on October 8, 1923; that the plaintiff's claim against him was proved and allowed in bankruptcy proceedings on

October 24, 1923; that the trustee in bankruptcy was ordered to sell and convey the real estate in question and to give a clear title thereto; that thereupon the bond to dissolve the attachment was given, the trustee in bankruptcy depositing with the surety the amount of the bond as collateral security; that the bankrupt then received a discharge in bankruptcy; that thereafter the plaintiff made a motion in the original action for judgment and judgment was entered; that no one filed in the original action any motion or paper touching or suggesting the bankruptcy of the defendant; and that the judgment in the original action had not been paid. *Held*, that such facts were no defence to an action against the surety upon the bond.

The provisions of § 67 of the national bankruptcy act give no relief to sureties upon bonds given to dissolve attachments.

CONTRACT against the surety upon a bond to dissolve an attachment. Writ in the Municipal Court of the City of Boston dated November 14, 1924.

The action was heard in the Municipal Court on an agreed statement of facts. Material facts are stated in the opinion. The signature of the North Adams Manufacturing Company as it appeared on the copy of the bond annexed to the declaration was: "North Adams Manufacturing Company By Percy A. Guthrie, Trustee."

The report of the trial judge describes the action as "upon a bond given by the defendant as surety for North Adams Manufacturing Company, a corporation, by the trustee of said corporation, which said corporation was in bankruptcy, for the purpose of clearing the title to certain real estate in Berkshire County, in order to effect a sale of the property ordered by the court." There was no statement in the agreed statement of facts as to who was trustee in bankruptcy of that company.

The defendant asked for the following rulings:

"1. That all levies, judgments, attachments or other liens made within four months of the date of filing of petition in bankruptcy are null and void upon adjudication.

"2. When adjudication takes place the date thereof reflects back to the date of the filing of the petition.

"3. That all levies, judgments, attachments or other liens obtained within four months prior to proceedings in bankruptcy pass to the trustee for the benefit of all creditors.

"4. That creditors are powerless to pursue claims to judg-

ment and obtain execution under an attachment made within four months of bankruptcy.

"5. That upon obtaining judgment the creditor has no greater rights against the bankrupt estate than he had under his attachment, when the attachment was made within the four months' period preceding bankruptcy.

"6. That any rights which the plaintiff may have had previous to bankruptcy passed to the trustee, and any rights which he may have under this judgment and bond likewise belong to the trustee for the benefit of the bankrupt's estate.

"7. That a creditor upon proving and allowance of his claim in bankruptcy waives all rights to any lien, preference, or other prior claims that he may have.

"8. Unless the principal is bound upon his contract at the time of the contract or suretyship, the liability of the surety can never arise.

"9. That at the time the trustee gave bond to dissolve the plaintiff's attachment, the plaintiff had no claim or attachment upon which to base his contract of suretyship, as all his rights had passed to the trustee himself for the benefit of the bankrupt's estate. Likewise, any judgment obtained immediately passed to the trustee for the benefit of the bankrupt's estate.

"10. That the only person to whom the surety is bound to account for money had and received is to the trustee for the benefit of the bankrupt's estate.

"11. That plaintiff by proof and allowance of his claim in bankruptcy proceedings waived any rights under his attachment and was precluded from pursuing his claim to judgment.

"12. That all the plaintiff's rights has by such proof and allowance of his claim passed to the trustee for the benefit of the bankrupt's estate.

"13. That the only way in which a debt unenforceable by reason of the bankruptcy act may be revived is by a written promise to pay made by the bankrupt himself after his discharge.

"14. That after a creditor has released the principal on an obligation he cannot proceed against the surety.

"15. That a release of the principal debtor by operation of law is as effectual as though made by the creditor.

"16. A surety may set up any defence open to the principal.

"17. That upon proceedings on a bond, the defence may attack the validity of the judgment as being obtained by fraud, or mistake or as against law."

The judge found the facts as stated in the agreed statement of facts, denied the defendant's request for rulings as "inapplicable to the facts found," found "for the plaintiff in the penal sum of $1,500, execution to issue in the sum of $929.63, and costs, with interest from April 28, 1924," and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*P. A. Guthrie*, for the defendant.

*F. W. Mowatt*, for the plaintiff.

PIERCE, J.    This is an action of contract, brought against the defendant in the Municipal Court of the City of Boston, on a bond to dissolve an attachment of real estate in an action in the Superior Court against the North Adams Manufacturing Company. The condition of the bond on which the present action was brought reads:  " . . . Now therefore, if the said North Adams Manufacturing Co. shall within thirty days after the final judgment in the aforesaid action, pay to the plaintiff therein the amount, if any, which it shall recover in such action, and shall also, within thirty days after the entry of any special judgment, which may be entered in said action in accordance with Section twenty-five of Chapter two hundred and thirty-five of the General Laws of the Commonwealth of Massachusetts, pay to said plaintiff the sum, if any, for which such special judgment shall be entered, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."    The trial judge in the Municipal Court gave judgment for the plaintiff and reported the case to the Appellate Division of that court where the decision was upheld and the "Report dismissed." The case is before this court on appeal of the defendant from the decision of the Appellate Division.

The facts found by the trial judge in substance are as

follows: The plaintiff brought an action of contract against the North Adams Manufacturing Company by a writ dated March 18, 1922, returnable to the Superior Court for the county of Suffolk on the first Monday of April, 1922, and made an attachment of real estate thereon. On May 18, 1922, the defendant was defaulted and the case was continued on motion of the plaintiff for judgment. On June 8, 1922, an involuntary petition in bankruptcy was filed in the United States District Court against the defendant manufacturing company. On October 8, 1923, there was an adjudication of bankruptcy on said petition. The plaintiff's claim was proved and allowed at the first meeting of the creditors on October 24, 1923. The trustee of the North Adams Manufacturing Company was ordered to sell and convey the real estate and give a clear title thereto. The attachment of the plaintiff, together with other attachments, was removed by filing bonds so that the transfer of real estate might not be delayed. At the time the bond in suit was obtained the trustee deposited with the defendant in this action the sum of $1,500 as collateral. On March 1, 1924, the bond to dissolve attachment was given by the defendant in the sum of $1,500 and was filed in court on March 4, 1924. On April 23, 1924, the plaintiff waived his motion to continue the case for judgment. On April 28, 1924, judgment was entered in this action against the North Adams Manufacturing Company, damages $910.72, costs $18.91, total $929.63 and said judgment has never been paid or satisfied. No one filed in the original action any motion or paper touching or suggesting the bankruptcy of the defendant. On March 24, 1925, the North Adams Manufacturing Company was discharged in the bankruptcy court.

The ruling of the trial judge was right. The Superior Court had jurisdiction of the subject matter and of the parties; the defendant in the original action was defaulted, "no motion or paper touching the bankruptcy" of the defendant therein was filed; and a general judgment against the defendant was entered and has never been satisfied. That judgment, unless and until qualified by some further

action of the court, was "the final judgment" within the meaning of those words in the bond to dissolve an attachment. It was a judgment sufficient to form a sound basis for an action against the sureties on the bond.   Cases like *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14, and *S. C.* 229 Mass. 308, and authorities there collected, have no pertinency to the facts here disclosed.   There was a breach of the bond in suit in the present action upon the failure of the defendant in the original action to pay the plaintiff therein the amount of the final judgment within thirty days after the entry of that judgment.   The bankruptcy of the principal obligor in the bond did not affect the obligation of his surety to satisfy the judgment lawfully rendered against the principal or his representatives.   Such judgment on the facts was conclusive against the surety.   *Tapley* v. *Goodsell,* 122 Mass. 176, 182.   *Guaranty Security Corp.* v. *Oppenheimer,* 243 Mass. 324, 326.   The provisions of § 67 of the national bankruptcy act have no relation and give no relief to sureties upon bonds given to dissolve attachments.   Such a bond is not given in substitution of the property attached.   It takes the place of the attachment lien, and gives the person in whose favor it is executed the right of recovery on the bond as on a new obligation not liable to be discharged by the death or insolvency of the debtor.   *Guaranty Security Corp.* v. *Oppenheimer, supra.*   It results that the order of the Appellate Division of the Municipal Court, "Report dismissed" must be affirmed.

*So ordered.*