### CHARLES JACOBS *vs.* W. H. BLODGET COMPANY.

### SAMUEL ROSENBLUM INC. *vs.* SAME.

Worcester.     September 22, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Continuance, Amendment in Supreme Judicial Court. *Supreme Judicial Court. Bankruptcy.*

Where the defendant in an action at law has appealed from an order of the appellate division of a district court dismissing a report of a trial judge who denied a request by the defendant for a continuance based on an allegation in the answer that the defendant had been adjudicated a bankrupt but that a discharge had not yet been obtained, and found for the plaintiff, and the record shows that no question of law is raised by the appeal, this court will not exert the power conferred by G. L. c. 231, § 125, and allow a motion presented by the defendant for leave to amend his answer and plead that the claim declared on was provable under the bankruptcy act, that the defendant had been adjudicated a bankrupt subsequently to the bringing of the action, and that three days before the argument in this court a discharge in bankruptcy had been granted to him and that such discharge, certified copy of which was annexed, was a bar to the action.

TWO ACTIONS OF CONTRACT. Writs in the Central District Court of Worcester dated February 11 and February 18, 1929, respectively.

In the District Court, there was a finding for the plaintiffs in the sums of $1,291.56 and $964.64, respectively. Reports to the Appellate Division for the Western District were ordered dismissed. The defendant appealed.

Proceedings in this court are described in the opinion.

*K. A. Campbell,* for the defendant.

*S. A. Seder,* for the plaintiff Samuel Rosenblum Inc.

*W. L. Macintosh,* for the plaintiff Jacobs.

RUGG, C.J.   These two actions of contract were brought
in a district court.   The declaration in each case contained
a count for goods sold and delivered and a count upon an
accounting of the parties, and in one case there was a
third count on an account annexed, each declaration
stating that all counts were for one and the same cause
of action.   The original answer in each case was a general
denial.   It was later amended by setting up adjudication
of the defendant as a bankrupt and praying for a con-
tinuance for the purpose of procuring and pleading its
discharge.   At the trial the allegation of the declarations
were either proved or admitted.   Requests of the defendant
in substance for rulings that it was entitled as matter of
law to continuance to enable it to procure and plead its
discharge in bankruptcy, or continuance at least for twelve
months after its adjudication, were denied; a finding was
made for the plaintiff in each case.   Questions of law
raised by the requests for rulings were reported to the
Appellate Division, which ordered that the report be dis-
missed in each case.   Appeals by the defendant brought
the cases here.

When the cases were reached for argument in this court
on September 22, 1930, counsel for the defendant stated
that he was convinced on investigation that the rulings
made by the trial judge and the decision by the Appellate
Division were right and he did not care to argue the cases
on their merits.   He presented a motion in each case in
behalf of the defendant praying that it be allowed to
amend its answer by substituting a new answer wherein
it was pleaded that the claim declared on was provable
under the bankruptcy act, that the defendant had been
adjudicated a bankrupt subsequently to the bringing of
the action, and that on September 19, 1930, a discharge
in bankruptcy was granted to it and that such discharge,
certified copy of which was annexed, was a bar to the
action.   The provisions of G. L. c. 231, § 125, are invoked
in support of the allowance of these motions.   That
section confers upon this court in a case like the present

"all the powers of amendment of the court below." Concerning this section it was said in *Twombly* v. *Selectmen of Billerica,* 262 Mass. 214, at page 216: " This power will not be exerted save in instances where justice seems to require it." . It is manifest that there was no ground in law for bringing to this court appeals from the decisions of the Appellate Division. The questions in each case raised by the report of the trial judge had all been settled adversely to the position of the defendant by numerous decisions covering a considerable period of years. *Rosenthal* v. *Nove,* 175 Mass. 559. *Feigenspan* v. *McDonnell,* 201 Mass. 341, 346. *Rogers* v. *Abbot,* 206 Mass. 270, 274. *Parker* v. *Murphy,* 215 Mass. 72, 74. *Berry Clothing Co.* v. *Shopnick,* 249 Mass. 459, 463. Prosecution of those appeals was not justified. In these circumstances justice does not demand the exertion at the solicitation of the appealing party of any judicial power of this court not required by law. The mere presence of the cases in this court without any question of law to be decided does not warrant the interposition of its authority to allow amendments. The defendant must be left to seek whatever relief may be open to it in the trial court where the cases are pending. G. L. c. 231, § 109. The motion to amend the answer is denied in each case.

*Order dismissing report affirmed in each case.*