## MANUFACTURERS' FINANCE CORPORATION v. VYE–NEILL CO.

### No. 4374.

District Court, D. Massachusetts.

Dec. 15, 1930.

John A. Lyons and Harrison J. Barrett, both of Boston, Mass., for plaintiff.

Phipps, Durgin & Cook, of Boston, Mass., for defendant.

BREWSTER, District Judge.

The above-entitled matter comes before the court on plaintiff's motion that the case stand for trial and judgment and on defendant's motion for leave to amend its answer, setting up the fact that the defendant had been adjudicated a bankrupt subsequent to the bringing of the suit. There is also to be considered at the same time a petition by the Consolidated Indemnity & Insurance Company for leave to intervene and for a continuance.

The questions presented were argued upon the following facts which appear in the pleadings or in the exhibits attached thereto and which, for the purposes of the motion, seem to have been conceded to be beyond dispute:

The plaintiff on the 17th day of April, 1930, sued out a writ against the defendant, upon which writ an attachment was made upon the defendant's property on the 29th day

of April, 1930. In order to dissolve the attachment the defendant gave a bond pursuant to the statutes of the commonwealth of Massachusetts, the condition of which obligation was that if the defendant "shall within thirty days after the final judgment in the aforesaid action pay to the plaintiff therein the amount, if any, which it shall recover in such action, and shall also, within thirty days after the entry of any special judgment which may be entered in said action, all as provided for in the General Laws of the Commonwealth of Massachusetts, pay to the said plaintiff the sum, if any, for which such special judgment shall be entered, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

Within four months from the date of the attachment, to wit, August 7, 1930, the defendant was duly adjudicated bankrupt in this court. It is the contention of the plaintiff that it should be allowed to proceed to judgment against the defendant with perpetual stay of execution in order that it may enforce its rights against the surety company. The defendant, on the other hand, and the surety move for a stay of proceedings to await the action of this court upon the defendant's application for a discharge, asserting a right to plead such a discharge, if obtained, and thereby preclude the plaintiff from recovering a judgment in this action.

It is clear that inasmuch as the attachment was not four months old no special judgment can be entered under the Massachusetts statute (G. L. c. 235, § 25). This leaves the more perplexing question whether there is anything in the statutes, state or federal, which will prevent the plaintiff from prosecuting his suit to judgment for the purpose of fixing the liability of the sureties.

Under the Bankruptcy Act of 1867 (14 Stat. 517), which was in force until 1878, and the subsequent Insolvency Laws of Massachusetts, the courts of this commonwealth consistently held that no judgment could be entered against a bankrupt defendant other than a special judgment which was first provided for in chapter 68 of the Acts of 1875, the antecedent of section 25, above noted. Loring v. Eager, 3 Cush. (Mass.) 188; Carpenter v. Turrell, 100 Mass. 450; Hamilton v. Bryant, 114 Mass. 543.

The doctrine of the court apparently was based upon the proposition that both the earlier Bankruptcy Act and the Insolvency Laws of Massachusetts provided for a mandatory stay of the action to await the result of the bankruptcy or insolvency proceedings

when a discharge, if granted, could be pleaded as a full and complete bar to the suit. Bankruptcy Act of 1867, §§ 21 and 34 (14 Stat. 526, 533); chapter 470 of Acts and Resolves (Mass.) 1889, now G. L. c. 223, § 124.

It was said that, since the bankruptcy or insolvency proceedings operated to stay any suit pending at the time of the institution of the bankruptcy or insolvency proceedings, the court was powerless to enter a judgment against the bankrupt. Carpenter v. Turrell, supra.

It followed, therefore, that there could never be any breach of the condition of the bond.

The Massachusetts courts seem never to have proceeded upon the theory, advanced in other jurisdictions, that the obligations of the bond were dependent upon the lien of the attachment and that they fell if the lien of the attachment became void by subsequent bankruptcy proceedings. The attachment is held to have been dissolved, not by bankruptcy, but by the bond, the obligors assuming a new and an independent obligation. Guaranty Security Corp. v. Oppenheimer, 243 Mass. 324, 137 N. E. 644; Livermore Co. v. Fidelity & Casualty Co. of N Y., 259 Mass. 419, 156 N. E. 674.

The Bankruptcy Act of 1898 worked a very substantial change in the law. Section 11a of that Act (11 USCA § 29) provides, in substance, for a mandatory stay of the suit until after adjudication, or dismissal, of the petition. Thereafter it is for the court to determine, in the exercise of sound discretion, whether the suit shall be further stayed or whether it shall be allowed to go to judgment. Under the provisions of the Bankruptcy Act as they now stand, the Massachusetts courts have decided, in no unmistakable terms, that the plaintiff is entitled to a judgment with a perpetual stay of execution. Rosenthal v. Nove, 175 Mass. 559, 56 N. E. 884, 78 Am. St. Rep. 512; Rogers v. Abbot, 206 Mass. 270, 92 N. E. 472, 138 Am. St. Rep. 394; Barry v. N. Y. Holding & Const. Co., 229 Mass. 308, 118 N. E. 639. And this, even though bankruptcy proceedings were instituted within four months from the date of the attachment. Smith v. Miller, 226 Mass. 187, 115 N. E. 243, 244; Feigenspan v. McDonnell, 201 Mass. 341, 87 N. E. 624; Berry Clothing Co. v. Shopnick, 249 Mass. 459, 144 N. E. 392, 393.

In Smith v. Miller, supra, the court states:

"The discretion vested in the trial court by section 11 of the Bankruptcy Act does not depend upon the question whether an attachment was made in the pending action within, or more than four months before, the filing of the petition in bankruptcy, or whether any attachment has been made. It follows that the defendant was not entitled as of right to a continuance of the action after he was adjudicated a bankrupt."

And in Berry Clothing Co. v. Shopnick, supra, there is this language:

"The words of this section do not require a peremptory stay of a pending action after adjudication in bankruptcy. The state court has jurisdiction of such action and may proceed to judgment. As pointed out in Boynton v. Ball, 121 U. S. 457, 467, 7 S. Ct. 981, 30 L. Ed. 985, substantial reasons may make it desirable to proceed to trial and to judgment in such a case. It was decided in Rosenthal v. Nove, 175 Mass. 559, 56 N. E. 884, 78 Am. St. Rep. 512, with reference to section 11a, that the court in which is pending a suit against a bankrupt is not after the adjudication bound to stay proceedings further therein until the termination of the bankruptcy proceeding, although it may do so and to such extent as justice may require. The action is not barred and the court has power to proceed to judgment. There are numerous decisions to the same effect."

It may be taken, therefore, to be settled in this commonwealth that if this action were pending in the state court it could be prosecuted to judgment unless it was made to appear that justice required a further stay for a period not exceeding a year following the adjudication.

■ It is quite likely that the rights of an attaching creditor against sureties on a bond to dissolve attachment would be controlled by the laws of the state where the attachment was made and dissolved by bond. See U. S. Code, title 28, § 725 (28 USCA § 725). Where the federal court is dealing with rights regulated by state law, it will follow the state courts unless such law is contrary to some federal statute. See Board of Trade of City of Chicago v. Johnson, 264 U. S. 1, 10, 44 S. Ct. 232, 68 L. Ed. 533.

Without deciding whether this court is bound to follow the decisions of the state court, it is expedient that it do so unless they are incompatible with established rules of the federal courts. I do not find anything in the Bankruptcy Act or in the cases that militate against the conclusion reached by the Massachusetts Supreme Judicial court.

Hill v. Harding was a case arising under the Bankruptcy Act of 1867 (14 Stat. 517). It was twice before the Supreme Court. In the first case, reported in 107 U. S. 631, 2 S. Ct. 404, 406, 27 L. Ed. 493, it appearing that the discharge had not been granted, the court held that the proceedings in the state court should be stayed to await the outcome of the bankruptcy proceedings, but in the course of his opinion Mr. Justice Gray made this observation:

"The stay does not operate as a bar to the action, but only as a suspension of proceedings until the question of the bankrupt's discharge shall have been determined in the United States court sitting in bankruptcy. After the determination of that question in that court, the court in which the suit is pending may proceed to such judgment as the circumstances of the case may require. If the discharge is refused, the plaintiff, upon establishing his claim, may obtain a general judgment. If the discharge is granted, the court in which the suit is pending may then determine whether the plaintiff is entitled to a special judgment * * * for the purpose of charging sureties upon a bond given to dissolve such an attachment."

When the case next came to the court (130 U. S. 699, 9 S. Ct. 725, 726, 32 L. Ed. 1083), the bankrupt had received his discharge, and the question was whether there was anything in the provisions of the Bankruptcy Act to prevent the state court from rendering judgment on the verdict against him with a perpetual stay of execution, leaving the plaintiff at liberty to proceed against the sureties on the attachment bond. The court held that the state court had power to enter such a qualified judgment and cited with approval the words of Chief Justice Waite in Wolf v. Stix, 99 U. S. 1, 9, 25 L. Ed. 309, to the effect that whether judgment is defeated by the bankruptcy of the person for whom the obligation is assumed depends, not upon any provision of the bankruptcy act, but upon the extent and authority of the State court under the local law.

Mr. Justice Gray, speaking for the court, further stated:

"If the bond was executed before the commencement of proceedings in bankruptcy, the discharge of the bankrupt protects him from liability to the obligees, so that, in an action on the bond against him and his sureties, any judgment recovered by the plaintiffs must be accompanied with a perpetual stay of execution against him; but his discharge does not prevent that judgment

from being rendered generally against them" (sureties).

While it is true that in Hill v. Harding, supra, the attachment was more than four months old, and in the opinion of Mr. Justice Gray it is noted that a discharge would not have prevented the attaching creditor from taking a limited judgment in order to reap the benefits of the attachment, I think that it can fairly be said that the opinion, taken as a whole, shows that the court was in sympathy with the doctrine of the Massachusetts courts that the bond should be regarded as an entirely new and independent obligation, received as security in substitution for the attachment, and that the obligations were not dependent upon the validity of the attachment.

The doctrines of Hill v. Harding, supra, have been applied in the federal courts to cases involving attachments made within the four months' period and dissolved by bond given pursuant to state statutes. In re Rosenstein (C. C. A.) 276 F. 704; Brown v. Four-In-One Coal Co. (C. C. A.) 286 F. 512.

In this circuit it has been held that the discharge in bankruptcy of a corporation did not prevent the creditors from taking judgment in the state court against the corporation in such limited form as to enable them to proceed to enforce directors' liability. In re Marshall Paper Co. (C. C. A.) 102 F. 872.

It thus appears that the entry of a qualified judgment for the purpose of enforcing rights against the surety does not violate any provision of the Bankruptcy Act or any settled doctrine of the federal court. There is abundant reason why the same rule should apply both in the state and federal courts. To hold that an attaching creditor could not preserve his rights against the surety in the federal court, but could do so in the state court, would lead to results that should be avoided, unless such a conflict is inescapable.

My conclusion, therefore, is that the plaintiff is entitled ultimately to a special judgment with a perpetual stay of execution against the bankrupt defendant, even though a discharge in bankruptcy is granted.

The remaining question is whether the plaintiff should be allowed to proceed with the prosecution of the case forthwith, or whether the suit should be stayed to await the action of the court on the bankrupt's application for a discharge. I have little difficulty in arriving at a satisfactory conclusion on this question. It seems to me that it would be to the advantage of all to have the matters in controversy litigated without further delay.

I therefore grant plaintiff's motion that the case stand for trial and judgment as prayed for, provided that, if judgment is recovered against the defendant, it shall be entered with a perpetual stay of execution.

Defendant's motion to amend the answer and for a continuance is denied, but in this connection I point out the advisability of the trustee in bankruptcy appearing and participating in the defense. I believe the bankrupt estate has an interest in the suit to see that only a proper judgment is obtained, and especially since it was represented to me during the argument that the bankrupt had deposited with the surety a portion of the collateral which the surety demanded when it assumed the obligations of the bond.

The petition of the Consolidated Indemnity & Insurance Company is denied. I know of no practice or provision of law that enables a surety on a bond to dissolve an attachment to intervene in the original suit and to contest the liability of the principal defendant. In the absence of fraud or collusion, the judgment obtained in the original proceedings is conclusive against the sureties. Cutter v. Evans, 115 Mass. 27. And the surety has its opportunity to impeach the judgment on grounds of fraud or collusion, if there are any, when it is sued upon the bond.