## THOMAS SAMPSON *vs.* ROBERT M. BARNARD.

A. signed a bond to dissolve an attachment, as one of two sureties, but, upon his answers as to his estate to the magistrate who was to pass upon the sufficiency of the bond, the same was not approved, and he went away. Afterwards an additional surety was obtained, and the bond was then approved. *Held,* that A. was liable thereon.

A bond to dissolve an attachment requires no internal revenue stamp.

CONTRACT against one of the sureties on a bond given to dissolve an attachment.

At the trial in the superior court, before *Ames,* J., " the defendant, who signed the bond as one of the sureties, offered his own testimony that, when requested to sign the bond by the principal therein, he agreed to do so, if he would be accepted; that he

went before a magistrate appointed for the purpose of determining the sufficiency of such sureties; that, upon answering the questions put by the magistrate touching his estate, he said he had no real estate, and the magistrate told him that he would not be sufficient; that he then asked the magistrate if anything further was wanted of him, who answered ' No,' and he went away.

" The magistrate testified that he had no particular recollection of the language used by him on the occasion, but that he declined to approve the bond with the two sureties first offered, of whom the defendant was one; that afterwards the bond was brought to him, with an additional surety, who was examined by him, and he then approved the bond having the names of three sureties thereon, the defendant being one; and the bond was then delivered to the obligee.

" The defendant also objected to the validity of the bond, and to its being offered in evidence, for the want of an internal revenue stamp, which had never been put upon it. It was dated January 20, 1865, and approved by the magistrate January 23, 1865.

" The judge ruled that the bond was admissible in evidence, and that the facts stated in the testimony offered by the defendant would not constitute a defence to the action; and thereupon a verdict was taken, by the direction of the court, for the plaintiff, for a sum which it was agreed was the amount due, if any sum could be recovered;" and the defendant alleged exceptions.

*A. Russ,* for the defendant. This bond was never delivered. After its rejection by the magistrate, no rightful delivery of the bond could be made, as against the defendant, without notice to him. *Fay* v. *Richardson,* 7 Pick. 93. *Fairbanks* v. *Metcalf,* 8 Mass. 238. *Mussey* v. *Rayner,* 22 Pick. 223. *Babcock* v. *Bryant,* 12 Pick. 135. *Norton* v. *Eastman,* 4 Greenl. 526. This bond, not being essential in legal proceedings, but only allowed for the convenience of the defendant, requires a stamp.

*I. Knowles, Jr.,* for the plaintiff, cited *Deardorff* v *Foresman,* 24 Ind. 481; *Ward* v. *Lewis,* 4 Pick. 520 ; *York County Insurance Co.* v. *Brooks,* 51 Maine, 506.

BY THE COURT. The defendant's own statement as to the circumstances under which the bond was executed and delivered shows that it was signed by him and accepted by the magistrate. The fact that the magistrate would not approve it as sufficient until strengthened by the addition of a third surety did not exonerate either of those who signed it originally.

No stamp is required upon such a bond under the laws of the United States. *Exceptions overruled.*