## WILLIAM A. DALEY vs. MICHAEL CARNEY.

Suffolk.    March 4. — 5, 1875.    MORTON & ENDICOTT, JJ., absent

Under the Gen. Sts. *c.* 123, § 104, a bond to dissolve an attachment may be approved by the obligee after the obligor has called upon a magistrate and has failed to secure his approval thereto.

A. signed a bond to dissolve an attachment, as one of two sureties, the obligee waived notice on an application for its approval by the magistrate, A. and the principal went before the magistrate, who refused to approve the bond, and the principal soon after obtained the obligee's approval, telling him of the magistrate's refusal. The bond was delivered to the attaching officer by the principal, in the absence of A. and without his knowledge that the plaintiff had approved it, and was then returned into court with the writ. *Held,* that there was evidence to warrant a jury in finding a delivery of the bond by the authority of A., even if it also appeared that A. had previously been rejected as a surety by the same magistrate, that he did not intend to be a surety, and consented to sign the bond on condition that it should be approved by the said magistrate, believing that he would not approve it.

CONTRACT against one of the sureties on a bond to dissolve an attachment made on mesne process in an action against one Shea.

At the trial in the Superior Court, before *Lord*, J., without a jury, it appeared in evidence that the bond declared on having been executed by the defendant, the plaintiff waived notice on application for the approval of the same by the magistrate ; that thereupon Shea and the defendant went before the magistrate, and, upon examination of the defendant as surety, the magistrate refused to approve him ; that Shea and the defendant then left the magistrate, and Shea soon met the plaintiff and told him that the magistrate had refused to approve the surety ; that the plaintiff then said he knew the surety, the defendant, and was satisfied with him, and would approve the bond and did so signify his approval upon the bond ; and the same was by Shea, in the absence of the defendant, delivered to the officer who returned the same to court with the original writ. The defendant had no knowledge that the plaintiff had approved the bond, nor of its delivery to the officer, till after judgment had been obtained in the suit ; had never signified any assent to the delivery, except what may be inferred from signing the same and going before the magistrate for examination.

The presiding judge found these additional facts, if they are competent and material: The defendant had been before rejected as a surety by the said magistrate. He did not intend to be a surety in this case, and consented to sign the bond on condition that the same should be submitted to the magistrate for approval, believing that the magistrate would refuse to approve it.

Upon these facts the judge ruled that the action could not be maintained, and ordered judgment for the defendant; and the plaintiff alleged exceptions.

*J. M. Keith,* for the plaintiff.

*J. H. Bradley,* for the defendant.

COLT, J. A bond to dissolve an attachment may be approved by the plaintiff or his attorney, or by a master in chancery upon notice and examination. Gen. Sts. *c.* 123, §§ 104, 105. In this case the principal obligor, having failed to secure the magistrate's approval of a bond signed by the defendant as a surety, applied to the plaintiff and obtained his written approval upon the bond. There is nothing that requires the plaintiff to exercise his right of approval before the magistrate is called upon. The two methods are independent of each other, and the power of the plaintiff to approve is unlimited. It is sufficient if the sureties are satisfactory to him, although of no pecuniary responsibility whatever. Whereas the magistrate can only approve when it is made to appear that each of the sureties, where there are only two, is able to respond for an amount equal to that for which the attachment is laid. There can be no objection, therefore, to the manner in which this bond was approved.

Upon the question of its delivery, it appeared that the plaintiff waived notice on an application for its approval by the magistrate; that the defendant and the principal in the bond then went before the magistrate, who refused to approve it; and that the principal soon afterwards obtained the plaintiff's approval, telling him at the time of the magistrate's refusal. The bond was delivered to the attaching officer by the principal in the absence of this defendant, and without his knowledge that the plaintiff had approved it. It was then returned with the writ. The case was tried without a jury, and it was ruled as matter of law that the action could not be maintained. But we are of opinion that there was evidence of a delivery by the authority of the defendant

sufficient to warrant a jury in finding for the plaintiff. The execution of the bond by the defendant declaring in its recitals the purpose for which it was given, and the fact that after the magistrate's refusal it was left by the defendant with the principal obligor without qualification or condition, or any limitation upon the use to which it was to be applied, would justify the inference that the defendant intended to confer the authority to deliver it in accordance with the declared purpose of its execution. The obvious effect of the defendant's acts and declarations cannot be defeated or qualified by his secret purpose, or intention, or expectations. *Ward* v. *Lewis*, 4 Pick. 518. *Powers* v. *Russell*, 13 Pick. 69. *Sampson* v. *Barnard*, 98 Mass. 359. *Maynard* v. *Maynard*, 10 Mass. 456.                    *Exceptions sustained.*