JAMES LOUGHERY & another *vs.* CHARLES M. HUXFORD & others.

Suffolk.    May 19, 1910. — June 27, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Malicious Interference. Damages,* In tort. *Evidence.*

In an action for maliciously inducing a corporation to break a contract with the plaintiff, whereunder he was to be the sole agent for selling the goods of the corporation for one year within a designated territory and to receive a certain commission on such sales, it appeared that the defendant caused the contract to be broken, and induced the corporation to appoint him as its sole agent for the territory in question in place of the plaintiff. The plaintiff's contract with the corporation was made in the month of March of the year in question and the breach of the contract occurred either in August or earlier than that time. The plaintiff had been the sole agent of the corporation in the designated territory for the two years preceding the year covered by the broken contract. He introduced evidence to show the sales made by him in the year previous to the contract and also evidence to show the sales made by the defendant in the year in which he caused the contract to be broken. The defendant asked the presiding judge to instruct the jury that in estimating the damages they were not to consider sales made by the plaintiff or the defendant in the years before the year covered by the contract, and that they were not to consider sales made by the defendant in the year for which the contract was made. The judge refused to give the instructions requested. *Held,* that the refusal was right; that, although the evidence of the sales made by the plaintiff before the year of the contract, and of the sales made by the defendant in the year in which the contract was broken,

was not admissible to fix the rule of damages, or even to show conclusively the amount of the damages, yet it was admissible as having some bearing upon the value of the contract to the plaintiff and the amount of the damage suffered by reason of its breach; and that the fact that the evidence as to the sales made by the defendant covered sales for the whole year of the contract, while the breach possibly might be found not to have occurred until August, affected only the weight of the evidence.

TORT for malicious interference, alleging that the plaintiffs on or about March 24, 1904, made an oral contract with the Lange Canning Company and with the Reedsburg Canning Company, both being corporations organized under the laws of the State of Wisconsin, whereby the plaintiffs became the sole agents for the sale of the goods of those corporations for the year 1904 in New England and the city of New York, and that the plaintiffs were to receive a commission of two and one half per cent of the price of all goods so sold by them as agents, that the defendants knew of this contract and maliciously induced the two corporations to repudiate and abandon the contract, whereby the plaintiffs suffered loss. Writ dated January 3, 1906.

In the Superior Court the case was referred to Frank Paul, Esquire, as auditor. The auditor filed a report in which he found that the defendants were liable to the plaintiffs in damages in the sum of $1,549.20. He also found that the defendants "brought about the practical breaking of said contract in the spring of 1904, and that they succeeded in bringing about the actual breaking of the contract and in obtaining the agency for themselves on or about August 20, 1904."

The case was tried upon the auditor's report before *Fessenden,* J. Among other facts shown by that report, it appeared that the plaintiffs had been the agents for the Lange Canning Company for 1902 and 1903, and that early in 1904 the Reedsburg Canning Company had been purchased or taken over by the Lange Canning Company or brought under its control. Evidence was introduced by the plaintiffs showing the sales made by the plaintiffs in the year 1903 and also evidence showing the sales made by the defendants in the year 1904, the year in which the defendants took away the agency from the plaintiffs. At the close of the evidence, which consisted only of the auditor's report, the defendants asked the judge to make the following rulings:

" 1. In estimating the damages the jury are not to consider sales of goods made either by the plaintiffs or the defendants in prior years, that is, prior to 1904.

" 2. In estimating the damages the jury are not to consider sales made by the defendants in the year 1904."

The judge refused to make either of these rulings, and submitted the case to the jury with other instructions.

The defendants excepted to the refusal to give the rulings requested and to so much of the charge· as was inconsistent with their requests. The jury returned a verdict for the plaintiffs in the sum of $1,549.20 ; and the defendants alleged exceptions.

The case was submitted on briefs.

*J. F. Lynch*, for the defendants.

*E. R. Anderson & G. A. Sweetser*, for the plaintiffs.

HAMMOND, J. The rulings requested were rightly refused. While the evidence as to the sales made by the plaintiffs or the defendants before the year 1904, and by the defendants in the year 1904, was not admissible as showing the rule of damages, or even as conclusively showing the amount of damages, still it was admissible as having some bearing upon the value to the plaintiffs of the contract and the amount of the damages suffered by the breach. And the fact that it covered sales for the whole business year did not affect its competency, even if, as contended by the defendants, the breach of the contract did not occur until August 20, 1904, but affected only its weight. *Fox* v. *Harding*, 7 Cush. 516, 522. *Mueller* v. *Bethesda Mineral Spring Co.* 88 Mich. 390. See also *Bagley* v. *Smith,* 10 N. Y. 489 ; *Schile* v. *Brokhahus*, 80 N. Y. 614 ; *Dennis* v. *Maxfield*, 10 Allen, 138.

*Exceptions overruled.*