RICHARD F. BARRY *vs.* NEW YORK HOLDING AND CONSTRUCTION COMPANY & trustees.

Suffolk.    October 19, 1916. — January 23, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Damages,* For breach of contract. *Contract,* Performance and breach. *Trustee Process. Practice, Civil,* Vacation of judgment, Bond to dissolve attachment. *Judgment. Attachment. Bond,* To dissolve attachment.

In an action for breach of a contract to employ the plaintiff for a year, under which the defendant was to pay to the plaintiff a certain stated salary and commissions on sales made by him of a certain fireproof building material, it appeared that the contract was made in September of a certain year, that from January 1 to September of that year the plaintiff had been in the defendant's employ in the same capacity under a contract by which he worked for the defendant for only half of his time and that during that period he had secured contracts for the defendant amounting to $51,000 or $52,000; that the method of conducting business was for the plaintiff to call upon architects and get plans and specifications of fireproof buildings to be constructed and to submit them to the defendant; that the plaintiff was discharged by the defendant two months after the contract upon which the action was based was made, and that during those two months he had not procured any contract for a sale of the defendant's material. *Held,* that by reason of the plaintiff being deprived of the opportunity of earning commissions during the ten months remaining of the contract period, a finding was warranted awarding damages to him beyond the amount of his stated salary and expenses, and that in ascertaining the amount of such damages it was proper to take into consideration and to use as a basis the amount of his earnings during the preceding nine months under the previous contract.

While, in an action begun by trustee process, the rendering of a judgment against the principal defendant without charging the trustee discontinues the action as to the trustee, the court, under the provisions of R. L. c. 193, § 14, has power upon a vacation of that judgment to dispose of the case as though there had been no discontinuance against the trustee and to order the trustee charged upon his answer.

The provisions of R. L. c. 177, § 25, giving the court power to enter a special judgment against a defendant who has been declared a bankrupt which shall be suf-

ficient to enable the plaintiff to maintain an action against the sureties upon a bond given by the defendant more than four months before the bankruptcy proceedings to dissolve an attachment, do not give the court power to order such a judgment where the bond given by the defendant was a common law bond or contained the condition of the bond authorized by R. L. c. 189, § 65, to be given for the purpose of dissolving an attachment made by trustee process by one claiming an interest by assignment or otherwise in the property attached.

CONTRACT, begun by trustee process, for alleged breach of an agreement to employ the plaintiff. Writ dated November 22, 1913.

The case was referred to an auditor and by agreement of the parties his findings of fact were treated as final. The material facts found by the auditor, the circumstances under which the trustee in bankruptcy of the defendant became a party, proceedings at a hearing before *Wait,* J., of motions by the plaintiff as to the vacation of a judgment entered in his favor and as to the charging of the trustees summoned by the trustee process, and the exceptions of the defendant's trustee in bankruptcy are described in the opinion.

*J. T. Connolly,* (*M. J. Mulkern* with him,) for the defendant and for the trustee in bankruptcy.

*F. N. Nay,* for the plaintiff.

LORING, J. This case comes before us on exceptions taken by the trustee in bankruptcy of the defendant corporation. Exceptions were also taken by the defendant. They add nothing to those taken by the trustee and if the trustee's exceptions are not good it is plain that the defendant's are not.

The facts out of which these exceptions grew are as follows: In November, 1913, the plaintiff brought an action of contract for breach of an agreement dated September 22, 1913, by which the defendant employed the plaintiff as its agent for the term of one year then next ensuing. The case was sent to an auditor and by subsequent agreement the auditor's findings were made final. On October 22, 1915, an order was entered directing judgment to be entered in favor of the plaintiff in the sum of $2,090 damages and his taxable costs. The costs afterwards were taxed in the sum of $37.89 and judgment was entered for those two sums on November 15 following. On December 15 following this judgment was vacated on motion of the plaintiff. On the following day a suggestion of the defendant's bankruptcy was made and

an order was entered giving the trustee in bankruptcy leave to appear.

The action was begun by trustee process and Edward J. Cross Company, Edward F. Miner Building Company and Joseph M. Dolan were duly summoned as trustees. After the judgment had been vacated the Edward J. Cross Company and the Edward F. Miner Building Company filed trustees' answers stating that at the date of the writ they had in their hands $816.25 and $4,415.25 respectively. Thereafter the plaintiff made a motion to charge these trustees and to have the other trustee defaulted. He also made a motion for a special judgment against the defendant under the provisions of R. L. c. 177, § 25.

The facts which gave rise to the motion for a special judgment were as follows: On December 10, 1913, the defendant filed a bond which was in fact a claimant's bond to release property attached by trustee process. On the reverse side of the bond there were originally printed the words "claimant's bond to dissolve attachment Trustee process." In this sentence the word "claimant's" had been stricken through and the word "defendant's" appears (we assume it was written) above it. After this bond had been filed the clerk of the court signed at least two certificates that "a bond for the purpose of dissolving the attachment made in said action, and of the goods, effects and credits of defendant in the hands and possession of said supposed Trustees, has been filed with me this day." These certificates were sent by the defendant's then attorney to two of the trustees, namely to the Edward J. Cross Company and the Edward F. Miner Building Company. A condition of this bond is: "If the said New York Holding & Construction Company shall within thirty days after final judgment in the aforesaid action, or after special judgment entered therein in accordance with the provisions of section twenty-five of chapter one hundred and seventy-seven of the Revised Laws of the Commonwealth of Massachusetts, pay to the said plaintiff the amount for which the said trustee may be charged, not exceeding the value of the property in their hands, or so much thereof as will satisfy the amount that may be recovered by said plaintiff, then this obligation shall be void," etc.

At the hearing on the motion to charge the trustees and the motion for this special judgment, the trustee in bankruptcy asked

the judge to rule (1) in effect* that upon the facts found by the auditor the plaintiff is entitled to $90 damages only; (2) that upon the docket entries and record in the case the trustees cannot now be charged, and (3) that upon all the evidence the plaintiff is not entitled to the entry of the special judgment asked for. These rulings were refused, exceptions were taken and these are the exceptions now before us.

1. The findings of the auditor as to the first of these three exceptions are in substance as follows: The defendant dealt in a material known as "ribbed concrete" or "salt-glazed tile." This was a comparatively new building material. It was the best fireproof building material on the market. It was more costly than brick or terra cotta, but by using it a saving could be made in the construction of buildings consisting of a steel frame and a concrete exterior. In December, 1912, the defendant corporation made an agreement with the plaintiff by which it appointed him its agent for a defined territory for a period of six months from January 1, 1913. Under this agreement the plaintiff was to devote one half his time to procuring contracts for "ribbed concrete" in the construction of buildings and was to receive a commission on the gross amount of those contracts. Although this contract came to an end on July 1, 1913, the parties continued to work under it until September 22, 1913. On September 22, 1913, the defendant corporation made the contract with the plaintiff on which this action is based. That contract was to continue for one year from its date. The plaintiff was to devote all his time in

---

* The exact rulings asked for in this connection are as follows:

1. That evidence upon which the auditor based his alternative finding of Two Thousand and Ninety Dollars ($2,090) was improperly admitted.

2. That the alternative finding of the auditor for Two Thousand and Ninety Dollars ($2,090) based upon such evidence is erroneous.

3. That upon the facts found by the auditor no judgment for the plaintiff for Two Thousand Ninety Dollars ($2,090) can properly be entered.

4. That as matter of law the evidence introduced as to damages for loss of commissions as set forth in the auditor's report was not sufficient to justify a finding for the plaintiff in the sum of Two Thousand and Ninety Dollars ($2,090).

5. That upon all the evidence in the case, including the docket entries, papers referred to by docket entries, the auditor's report and the entire record of the case, the plaintiff is not entitled to entry of a special judgment as prayed for.

place of one half his time and was to receive a certain salary there mentioned and a commission on all contracts procured under the agreement, the amount of the commission being a percentage of the gross amounts received under these contracts. The auditor found that on November 21, 1913, the defendant wrongfully discharged the plaintiff and this action was brought on the next day. The auditor found that during the period covered by the first contract the plaintiff had secured contracts under which the defendant had received from $51,000 to $52,000. He further found that the method of conducting business by the parties was for the plaintiff to call upon architects and get plans and specifications of fire proof buildings to be constructed and submit the plans and specifications to the defendant. Between January 1, 1913, and November 20, 1913, the plaintiff submitted to the defendant plans of sixty-five buildings to be constructed and during that time he made from ten to fifteen calls a day on architects in pursuance of the defendant's business. When the plaintiff was discharged on November 21, 1913, he had not in fact procured any contract for the use of the defendant's material under the second contract. The facts as to what was done under the first contract were admitted by the auditor (subject to the defendant's exception) upon the question of damages suffered by the plaintiff by reason of the wrongful termination of the second contract. The auditor found that the defendant owed the plaintiff $90 for salary and for cash expenses. In addition he found that the plaintiff had suffered damages to the amount of $2,000 from the wrongful breach of the second contract.

We are of opinion that the judge was right in refusing to give the first ruling asked for by the trustee in bankruptcy. The plaintiff in the case at bar is claiming damages for the defendant's act for wrongfully discharging him from its employ ten months before the period had terminated during which it had agreed to employ him upon the basis mentioned above. We are of opinion that on the facts found by him the auditor was warranted in making a finding for more than nominal damages for this breach of the contract on its part. Of course the auditor could not know what commissions would have been earned. But under the circumstances of this case that did not prevent the auditor finding more than nominal damages. The amount of his earnings during

nine months under the first contract well might be taken as a basis for determining what he would have earned under the second contract during the ten months during which he had a right to earn commissions under that agreement.   The case comes within *Dennis* v. *Maxfield,* 10 Allen, 138, *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87, 89, *Gagnon* v. *Sperry & Hutchinson Co.* 206 Mass. 547, *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, *Fox* v. *Harding,* 7 Cush. 516, 522 (cited in the Gagnon case with approval), *Earle* v. *Commonwealth,* 180 Mass. 579, *Loughery* v. *Huxford,* 206 Mass. 324, *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 379, 380.

Of the cases relied upon by the trustee in bankruptcy *Noble* v. *Hand,* 163 Mass. 289, is the only one that requires notice.   In that case the defendants agreed to employ the plaintiff as a selling agent until they should discontinue business.   The course of business was for them to sell to the plaintiff samples from which he could get orders.   It appears from the original papers that the breach which the judge (who tried the case without a jury) found to have been committed consisted in not having sold to the plaintiff the samples which he ordered.   The plaintiff made no claim for commissions on the sale of these samples.   What he did ask for was for commissions which he would have earned had he had these samples to show.   On its face this case seems to be more like the case at bar than it will be found to be on an examination of the original papers.   In that case as in the case at bar commissions had been earned by the plaintiff during an earlier period and by agreement of the parties the judge made a finding in favor of the plaintiff on the first and second counts for the balance due the plaintiff for the earlier commissions.   But the amount found to be due was a balance due on account of those earnings, and the amount and the particulars of those earlier commissions were not in evidence.   In addition the plaintiff in that case did not ask to have the amount of the commissions which he would have earned during the later period determined on the basis of what he did earn during the earlier period.   What the plaintiff in that case did was to ask the judge, without any evidence of the amount of the previous earnings, to find what he would have earned if the samples which he was entitled to had been furnished to him when he was entitled to them.   The exception to the first ruling must be overruled.

2. We are of opinion that the judge was justified in ordering the trustees to be charged.

By taking a general judgment against the principal defendant without having had the trustees charged the plaintiff discontinued against the trustees. *Jarvis* v. *Mitchell*, 99 Mass. 530. *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15. The summary right to vacate a judgment given to the court originally by St. 1875, c. 33, now R. L. c. 193, § 14, provides that upon vacating the judgment the court can "dispose of the case as if such judgment had not been entered." The provision that upon vacating the judgment the court can "dispose of the case as if such judgment had not been entered" gave the court the power to dispose of the case at bar on the footing that the discontinuance against the trustees which came about from the plaintiff taking judgment against the principal defendant without having had the trustee charged was wiped out. We agree with counsel for the trustee in bankruptcy that the trustee attachment is not continued in effect by force of R.L. c. 193, § 20. That deals with the continuance of attachments which expire within a limited time after a general judgment has been taken. The fact that an attachment by way of trustee process is not included within those specified in R. L. c. 193, § 20, does not stand in the way of the conclusion being reached which we have reached by force of R. L. c. 193, § 14. There was no occasion for including an attachment by the trustee process in R. L. c. 193, § 20.

3. We are of opinion that the judge was wrong in refusing to rule that on all the evidence the plaintiff was not entitled to the entry of the special judgment as asked for.

What the plaintiff asked for was a special judgment under R. L. c. 177, § 25. In the words of the original act (St. 1875, c. 68, § 1, not changed by the re-enactment) the case where the court is authorized to enter a special judgment under what is now R. L. c. 177, § 25, is a case where the "defendant . . . dissolves an attachment made in said suit, by giving bond as provided by the statutes of this Commonwealth." It is conceded by the plaintiff on the authority of *Atwood* v. *West Roxbury Co-operative Bank*, 156 Mass. 166, that the bond given in the case at bar was not a bond which dissolved the attachment. What the plaintiff seeks to obtain by getting the special judgment asked for by him

is to hold the sureties on the bond here in question as a common law bond. But R. L. c. 177, § 25, does not give power to the court to enter a special judgment to hold sureties on a common law bond. The case at bar is not a case in which the court had power to make the special judgment which the plaintiff asked for. The exception taken to the refusal to give this instruction must be sustained.

The result is that the exception must be sustained which was taken to the request to rule that the court had no power to make the special judgment asked for by the plaintiff and that the other two exceptions must be overruled.

*So ordered.*