ALECK WOOGMASTER *vs.* JOSEPH CUTLER.

Suffolk. March 3, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Appeal, Order nunc pro tunc, Judgment. *Bond,* To dissolve attachment. *Evidence,* Presumptions and burden of proof. *Judgment.*

Upon an appeal from the allowance, after a verdict for the plaintiff and the filing of a discharge of the defendant in bankruptcy, of a motion for leave to file *nunc pro tunc* as of a date several years before the bankruptcy proceedings a statutory bond to dissolve the attachment which had been duly executed but through mistake had not been filed with the clerk of the court, where no evidence appears in the record, every presumption of fact must be made in favor of the action of the court in allowing the motion.

It not appearing on the record whose mistake resulted in the bond above described not being filed, it was *held,* that facts might have been found which brought the case within the principles of law permitting the allowance of the motion *nunc pro tunc,* and the order allowing the motion was affirmed.

The allowance *nunc pro tunc* of the motion above described placed the bond, which until properly filed was a common law bond, upon the footing of a statutory bond properly filed, and made proper an order of judgment for the plaintiff under G. L. c. 235, § 25.

CONTRACT upon an account annexed for $1,800 and for money lent in the sum of $1,000. Writ dated October 10, 1919.

There was a trial in the Superior Court and a verdict for the plaintiff on March 9, 1921, in the sum of $3,036.13. On September 25, 1923, the defendant filed a suggestion of discharge in bankruptcy from all claims provable on May 22, 1923. On November 9, 1923, the plaintiff filed the motion for leave to file the attachment bond as of October 17, 1919, described in the opinion. The motion was heard by *Wait*, J., and was allowed. The defendant appealed.

*S. L. Bailen*, (*R. B. Brooks* with him,) for the defendant.
*James J. McCarthy*, for the plaintiff.

RUGG, C.J. This is an appeal from an order of the Superior Court. The defendant pleaded his discharge in bankruptcy granted on his voluntary petition filed more than two years later than the rendition of the verdict in favor of the plaintiff. The plaintiff then filed a motion setting forth that attachment was made of the goods and estate, effects and credits of the defendant when the action was begun, and that the defendant had given two bonds more than three years prior to the filing of the petition in bankruptcy, to dissolve the attachment pursuant to the laws of the Commonwealth, which were duly approved as to sureties, and that through mistake the bonds were not filed as required by law, and praying to be allowed to file the bonds as of October 17, 1919. Upon that motion it was ordered that the motion to file the bonds be allowed but without prejudice to the right of any surety to object that he is not to be prejudiced thereby. It was further ordered that judgment be entered for the plaintiff on the verdict under G. L. c. 235, § 25, and of every other power the court thereto enabling, but perpetually staying execution against the defendant Cutler upon any judgment other than under said § 25.

The defendant appealed from these orders. Such appeal brings before us only matters "decisive of the case founded upon matter of law apparent on the record." *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. The only question argued is whether the court had power to permit the bonds to dissolve the attachments to be filed *nunc pro tunc*.

It was assumed at the argument that the bonds were given under R. L. c. 167, §§ 116, 117 and 119, in force at the time, now G. L. c. 223, §§ 120, 121, 123. This is set forth in substance in the motion for filing the bonds. It was required by the last of these sections that the bond "shall be filed by the defendant with the clerk of the court to which the writ is returnable, or in which the action is pending, within ten days after its approval, and the attachment shall not be dissolved until the bond shall have been so filed."

Every presumption of fact must be made in favor of the action of the court below, because there is no evidence in the record. If the entry of the orders can be justified on any state of facts capable of being shown in reason, it must be assumed that such findings were made upon competent evidence.

The bonds, not having been filed with the clerk of the court, presumably operated at least as common law bonds. *Fogel* v. *Dussault*, 141 Mass. 154. No special judgment, such as here was entered under G. L. c. 235, § 25, could have been entered upon a common law bond. *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14.

The statutory provisions as to the filing of the bond are for the benefit of the plaintiff except so far as the defendant is thereby afforded a means of dissolving the attachment. The motion avers that, although duly approved as to the sureties, the bonds through mistake were not filed pursuant to the statute. The motion does not disclose who made this mistake. It may have been that of the plaintiff, the defendant, the clerk of the court, or of any two or all of them. The record discloses no error with respect to the order for the *nunc pro tunc* filing of the bonds. The mistake resulting in the failure to file them within the statutory period, may have been found upon conceivable facts to bring it within the principles of *Perkins* v. *Perkins*, 225 Mass. 392, where the subject of *nunc pro tunc* orders is discussed at large.

Since the order that the bonds be filed as of October 17, 1919, cannot be pronounced erroneous, the case stands on the footing that they were so filed.

The special judgment was rightly entered. G. L. c. 235,

§ 25.    *Rosenthal* v. *Nove*, 175 Mass. 559.    *Barry* v. *New York Holding & Construction Co.* 229 Mass. 308.    *Guaranty Security Corp.* v. *Oppenheimer*, 243 Mass. 324.

*Order for special judgment affirmed.*