ALECK WOOGMASTER *vs.* NATIONAL SURETY COMPANY.
SAME *vs.* LOUIS KAUFMAN.

.Suffolk.   March 9, 1927.— May 27, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, & CARROLL, JJ.

*Bond,* To dissolve attachment.   *Surety.   Practice, Civil,* Appeal.

After the defendant, in an action of contract which had been continued after a verdict for the plaintiff by reason of pending bankruptcy of the defendant, had filed a discharge in bankruptcy, the plaintiff moved for leave to file a bond to dissolve an attachment dated at the commencement of the action as of the day following the date on the bond, which was four years before the motion was made, on the ground that through mistake the bond had not been filed as required by the statute; and the court, without notice to the surety, ordered that the motion "be and it is allowed, but without prejudice to the right of any surety to object that he is not to be prejudiced thereby."   That order and a special judgment entered following it under G. L. c. 235, § 25, were declared valid by this court.   Two years and three months after the discharge of the judgment debtor in bankruptcy, and while the surety still was ignorant of the fact that the order above described had been allowed *nunc pro tunc,* the judgment creditor brought an action against the surety, and it was *held,* that

(1) The words in the order, "without prejudice to the right of any surety," manifestly were inserted out of an abundance of caution and did not have the effect as against the plaintiff of a stay in the operation of the order;

(2) The order did not operate in any sense to create a new obligation under the condition of the bond;

(3) The right of the surety after payment of the judgment debt to prove the claim in bankruptcy proceedings of the debtor was not affected by the *nunc pro tunc* order, nor by the special judgment which was afterwards entered;

(4) A finding for the plaintiff against the surety was proper.

In the action above described, the defendant both alleged exceptions to rulings in favor of the plaintiff and also "seasonably appealed from the order of the court."   *Held,* that the appeal was irregular, and it was dismissed.

TWO ACTIONS OF CONTRACT upon bonds given to dissolve attachments.   Writs dated December 18, 1925.

The actions were heard together by *Weed,* J., without a jury.   Material facts are stated in the opinion.   The judge

stated that "defendant offered to show, and, if it be material, it was conceded by the plaintiff and I find that the bond in suit was not filed in the original action within ten days of its approval, due to the mistake of the plaintiff or his counsel, and not due to the mistake of the defendant in said action or of the clerk of the court; and that the defendant in the present action was not notified, nor did he know until this suit was brought, of the proceedings in the original action whereby the bond was allowed on December 24, 1923, to be filed as of October 17, 1919. The defendant in the present case contends that he was prejudiced by the allowance of said motion in the original action and by the entry of said special judgment therein and that he is not liable. I rule that the facts offered in evidence as hereinbefore set forth are immaterial and I exclude them from consideration. I find and rule that judgment shall be entered for the penal sum of the bond with interest from the date of the writ, and I award an execution for the sum of $1,500 and interest from the date of the writ as the amount due in equity and good conscience for breach of the condition of the bond."

The defendant alleged exceptions and also "seasonably appealed from the order of the court."

*J. E. McConnell,* for the defendant National Surety Company.

*S. L. Bailen,* for the defendant Kaufman.

*James J. McCarthy,* for the plaintiff.

PIERCE, J. These are separate actions of contract, heard together in the Superior Court without a jury, against Louis Kaufman and the National Surety Company, as sureties upon bonds of one Joseph Cutler, dated respectively October 15 and October 16, 1919, given to dissolve an attachment in an action wherein Aleck Woogmaster was plaintiff and the said Joseph Cutler was defendant and wherein the writ was dated October 10, 1919. At the close of the evidence each defendant moved that "on all the evidence the court find for the defendant." The judge in each case denied the motion and ruled "that judgment shall be entered [for the plaintiff] in the penal sum of the bond with interest from the date of the writ." To the refusal to rule

as requested and to the ruling made each defendant duly excepted, and also "seasonably appealed from the order of court."

The undisputed facts common to both actions are in substance as follows: In the action against Cutler the plaintiff on March 9, 1921, obtained a verdict for $3,036.13. Pending exceptions in that action, on June 11, 1923, Cutler filed a suggestion of bankruptcy and a motion for continuance. On September 24, 1923, while said action was pending under a proper plea, Cutler filed a certificate of his discharge in bankruptcy "from all debts and claims which are made provable by said Acts [of Congress] against his estate, and which existed on the 22nd day of May, A.D. nineteen hundred and twenty-three." On November 9, 1923, the plaintiff in each action filed a motion for leave to file the attachment bonds as of October 17, 1919, on the ground "that through mistake the said bonds were not filed pursuant to said laws." On December 24, 1923, it was ordered that "the motion for leave to file the bonds be and it is allowed, but without prejudice to the right of any surety to object that he is not to be prejudiced thereby." From the allowance of this motion the defendant Cutler appealed to this court, where on May 21, 1925, the order that the bonds be filed as of October 17, 1919, was affirmed; as was the order for special judgment. *Woogmaster* v. *Cutler,* 252 Mass. 376.

It was admitted at the trial in the present action that the special judgment referred to above was entered on November 2, 1925, and had not been paid by either defendant; that the bonds of the defendants Kaufman and the National Surety Company were duly executed; and that the signatures were genuine and were made with the authority of the defendants.

It was agreed that an attorney for the plaintiff, shortly before November 9, 1923, received the bonds to dissolve the attachment made in the case of Woogmaster v. Cutler from other counsel for Woogmaster; and that on November 9, 1923, the said bonds were filed in the clerk's office of the Superior Court for Suffolk County. It was admitted that no notice of the motion to allow the filing of the attachment

bonds *nunc pro tunc* was given by counsel for the plaintiff to either of the defendants; and the judge in substance ruled that it was immaterial whether the defendants had actual notice of the court proceedings in relation to the filing of the bonds.

It was conceded that the bond in the original action was not filed within ten days of its approval, due to the mistake of the plaintiff or his former counsel, and not due to the mistake of the defendant in said action or of the clerk of the court; and that the defendants in the present actions were not notified, nor did they know until these suits were brought of the proceedings in the original action whereby the bond was allowed on December 24, 1923, to be filed as of October 17, 1919.

Met with the proof of a special judgment, which the defendants have not paid to the plaintiff within thirty days after the entry thereof, the defendants seek a discharge from the obligations of their bonds, upon the theory that a right to contest the validity of the order of December 24, 1923, was conferred upon each surety in the bond by the words of the order which read: "the motion for leave to file the bonds be and it is allowed, but without prejudice to the right of any surety to object that he is not to be prejudiced thereby"; and they contend that "the only interpretation of the condition must be that it gave the plaintiff special judgment, but only on the condition that the surety should have the right to object that he was prejudiced thereby; the surety might or might not object, but, if he did object, the special judgment was without effect, as he was manifestly prejudiced by the revival of a liability which had ceased to exist." The words "without prejudice to the right of any surety" in the order manifestly were inserted out of an abundance of caution and they did not and could not as against the plaintiff have the effect of a stay in the operation of the order until the surety in each bond should conclude in some indefinite future time that the order would or might not work to the prejudice of the surety. As the sureties in the bonds were not parties to the proceedings in the action against Cutler or when the motions to enter the bonds

*nunc pro tunc* were considered by the court, the rights of the sureties on the bonds were not restricted and could not be extended as against the plaintiff by any order which the court should make in reference to the action against Cutler.

Putting aside that part of the order which has been quoted, the question presented is: Can the sureties as of right attack the order that the bonds be filed *nunc pro tunc* and special judgment be entered under the provisions of the statute? In the absence of fraud or collusion the surety on a bond to dissolve an attachment is bound by the judgment against the principal defendant in the cause of action in which the bond was given. *Cutter* v. *Evans*, 115 Mass. 27. *Guaranty Security Corp.* v. *Oppenheimer*, 243 Mass. 324. The conclusion of the judgment necessarily covers, and therefore restrains, any collateral attack upon any interlocutory order, decision or decree which was involved in the determination of the principal fact in issue.

The filing of the bonds to dissolve the attachment in the office of the clerk of courts within ten days after allowance was an act which the statute (G. L. c. 223, § 123) required if the attachment was to be dissolved; and, under G. L. c. 235, § 25, was a condition precedent to an order for a special judgment. The court had jurisdiction in the original action to determine whether the bonds should be entered *nunc pro tunc,* and, having determined on the evidence then before it that they should be so filed, had authority under G. L. c. 235, § 25, to order the special judgment which was entered November 2, 1925. The question whether the order was warranted is concluded by the decision in *Woogmaster* v. *Cutler, supra,* and that question cannot be reopened.

It is plain that the order did not operate in any sense to create a new obligation under the conditions of the bonds. The rights of the defendants to prove the claim in bankruptcy of Woogmaster against Cutler were not affected by the *nunc pro tunc* order, nor by the special judgment which was afterward entered. *Rosenthal* v. *Nove*, 175 Mass. 559, 565.

The attempt to embody an appeal in the exceptions is irregular. It is not the design of the present statutes as to

exceptions and appeals that they be prosecuted simultaneously in the circumstances here disclosed.   G. L. c. 231, §§ 96, 113.   *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.   Every question open to the defendants has been considered.   In each action the entry must be,

*Exceptions overruled.*
*Appeal dismissed.*