Bolster, C. J.
This report comes up on the refusal to give rulings in connection with the plaintiff’s motion for a special judgment against the surety on a bond. The pertinent facts are that an attachment by trustee process was made on July 30, 1936. It was “released” on August 5, 1936 (which we take to mean a discharge by the plaintiff) upon the delivery to the plaintiff by the defendant on that *651 day of a bond conditioned to pay the amount of the judgment or to pay any special judgment entered in accordance with G. L. Ch. 235, §25. On March 29, 1937, the plaintiff approved the sureties on the bond in writing and filed it in the clerk’s office. The judge hearing the motion refused to rule that the bond was not a statutory bond within the meaning of G. L. Ch. 235, §25, and Ch. 223, §§120 and 125. He also refused to rule that the plaintiff was not entitled to a special judgment.
Chapter 223, §123 requires that the bond, after approval shall be filed by the defendant with the clerk within ten days after approval, required by section 120 to be in writing if by the plaintiff, “and the attachment shall not be dissolved until the bond shall have been so filed”. Section 25 of chapter 235 provides for the entry of a special judgment against the surety, the attachment bringing property under control being over four months prior to the commencement of proceedings in bankruptcy, if such proceedings, or the principal’s discharge therein constitute the only obstacle to recover against him.
The defendant argues that there was an earlier approval, in fact, by the plaintiff. But the statute does not say merely “approved” but “approved in writing” and the latter words must be given effect. The legislature thereby manifested its intention not to leave open to dispute the question whether the plaintiff had approved or not, and the fact that the bond is to be filed in court, and that certificates of such filing are issued by the clerk, for use of persons other than the plaintiff and defendant, shows the practical necessity of the requirement of a written approval. The sole word “approval” in Section 123 can only mean “such approval”.
The defendant’s position is that this was a common-law bond. It certainly was, until filed. Barry v. N. Y. Holding *652 & Const. Co., 226 Mass. 14, 20. But this bond was filed and the case of Woogmaster v. Cutter, 252 Mass. 376, shows that it is within the power of the plaintiff, by such filing, to give it the characteristics of a statutory bond. In the Barry case, the bond was a common law bond and remained so. All that the case decides in that regard is that a common law bond is not within the statute authorizing special judgments. The condition in that bond was in the old form — to pay the amount for which the trustee should be charged — and the plaintiff had discharged the trustee. In Waverley Lumber Co. v. Piantedosi, 262 Mass. 377, cited by the defendant, the question was as to the effective delivery of the bond, whether common-law or statutory. None of the issues of law raised by the bill of exceptions dealt with any other matter. The right of the plaintiffs to a special judgment was not involved.
The principal defendant could have securely discharged the attachment by itself filing the bond in court, bearing either the written approval of the sureties by the plaintiff or by an authorized official. Instead of doing that it entrusted the bond to the plaintiff in an unfinished condition, thereby putting it in the latter’s power immediately to endorse approval and file the bond within ten days, making it a statutory bond, or to hold his approval in suspense. The defendant got what it wanted, a discharge of the attachment, and its surety co-operated to that end. If bankruptcy had not occurred, both would have been held.
This case was argued by counsel and has hitherto been considered on the supposition that it falls within the terms of Gr. L. Ch. 235, §25. On the showing of this report, no error appears. But there are other aspects to be considered. The report states that the adjudication of bankruptcy was on December 8, 1936. That is not the crucial date. The Bankruptcy Act declares that all attachment *653 liens obtained within four months prior to the filing of the petition shall be void. Our statute authorizes a special judgment only in cases of attachment made more than four months prior to the commencement of proceedings in bankruptcy. There is annexed to the defendant’s suggestion of bankruptcy and motion for continuance a certificate in due form showing that a creditor’s petition was filed within the four months period. Consequently we do not need to act under G. L. Ch. 231, §§124 and 125, to obtain the further information to enable a proper final disposition to be made. It should also be noted, that under the amendment to the Bankruptcy Act of June 7, 1934, the bond if given within the four months, is declared void. We cannot award a special judgment on what the record shows here, in the teeth of controlling law.
Motion for special judgment denied.